5b 515
99 390

CASE 42—PETITION EQUITY—JULY 7.

# City of Louisville vs. Henderson, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The contractor bound himself, by his contract with the city of Louisville, *not to sue the city until it shall finally be adjudged that the property owners are not liable for the cost of the improvements on the street in front of their property.* This stipulation is void, and does not exempt a lot-owner from the payment of the sum assessed against him for such improvement.

   And under section 40, of the Civil Code, it is the duty of the court, before whom a controversy is pending, to order all persons interested to be brought before it, although such an agreement or stipulation might have been made by them.

2. The city and owners of property fronting on the streets improved, may be sued in the same action.

3. The contractor was required, by his contract, to procure, at his own expense, the names of the owners of grounds fronting said improvements. This did not exempt the property owners from payment for such improvement.

4. The contractor was required, by his contract, to keep his work in repair for six months after its reception by the general council. This did not exempt the property owners from payment. This stipulation is construed to mean that the contractor was only bound to make good such portions of his work as might prove, within the specified time, to have been defectively done.

J. F. BULLITT,             For Appellant,

CITED—

*City Charter of Louisville of* 1851, *art.* 7, *secs.* 2, 6, 10.

*Act of Feb.* 18, 1864, *sec.* 7, *Session Acts, p.* 434.

2 *Parsons on Contracts, pp.* 765–6, *and cases cited, and pp.* 535 *to* 547.

BARRET & ROBERTS,     For Mrs. Ripley and Mrs. Johnson.

City of Louisville vs. Henderson, &c.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This controversy, being a real one, was presented to the Louisville chancery court, having jurisdiction of the subject, upon facts agreed, which will be hereafter set out at some length, in order that the questions involved may be distinctly presented and separately disposed of. The facts, as agreed, are substantially to the following effect:

Dennis, who was plaintiff below, graded, curbed, paved, and macadamized the unpaved portion of Lytle street, from Sixteenth to Seventeenth streets, in accordance with the terms and stipulations of a contract therefor, entered into between him and the *city*, by its mayor, and which was subsequently approved by a resolution of the general council of the city. Said contract was made in pursuance of a special ordinance, filed as an exhibit " B," which had been duly passed by each board of council of the city, by a vote of two thirds of the members elect, taken by yeas and nays, and recorded on the journals.

The contract for said improvement constitutes a part of the agreement, and is referred to as exhibit "A," as does also exhibit "C."

Exhibit " D " is the copy of an ordinance of the city, adopted June 18, 1859, the 10*th section* of which requires contractors to keep their work in repair six months after its reception by the general council; and that said *section* has formed a part of all contracts with the city for street paving, otherwise than with boulders or the Nicholson pavements, whether ordered to be done at the expense of the city or property owners; and although said ordinance was repealed June 27, 1864, the 10*th section* was retained.

That since 1853, when boulder pavements were first made in the city, all contracts therefor contained the following provision:

"All streets to be kept in repair by the contractor, at his own expense, for one year after completion, and after they are received by the general council."

That streets have been bouldered in the city, some at the costs of the city, and others at the costs of the owners of property fronting them; and the contracts were the same in all cases concerning said repairs.

That all the property on both sides of Lytle street, between Sixteenth and Seventeenth streets, fronting the improvements, which are the subject of this controversy, was owned, by the defendant Isham Henderson, and one Dupont, when the contracts for the same were made, and still belongs to them.

That the affidavits of the persons named in the agreement, who are street contractors in said city, are to be read as evidence in the case, if the same are relevant and competent, they having been excepted to by Henderson on those grounds. And that either party might read as evidence certified copies of any ordinance of the city desired to be so read.

It was further agreed that Henderson owned *forty feet of ground*, fronting on both sides of said improvements, and that apportionment warrants have been issued against him, in favor of plaintiff, for two hundred and twenty-four dollars and fifty-six cents, the correct amount for the cost of said improvements, and which he must pay, if liable at all.

The judgment and decision of the court were asked on the following questions presented by the parties as arising on said agreed facts:

1. By his contract with the city for said improvement, Dennis is bound not to sue the city until it shall be finally adjudged that Henderson is not liable for the cost of improvements in front of his property. Did that stipu-

lation exempt Henderson from the payment of the sum assessed against him?

2. The contractor was required to procure, at his own expense, the names of the owners of grounds fronting said improvements, and the grounds adjacent to each. Did that exempt him?

3. The contractor is required to keep his work in repair for six months after its reception by the general council. Did that stipulation exempt him?

4. If for any of these causes the city is made liable for the cost of said improvements, has it not a right to remove the materials?

On final hearing, the court below adjudged, as to the first question submitted, that the condition in the contract, that the contractors should not sue the city until it was finally adjudged that the owner of property fronting the improvement was not liable, was a void stipulation, not injurious nor prejudicial to said lot-owners, and therefore not available to exempt them from liability; and in that conclusion we concur.

It is to the interest of the country, as well as to the parties concerned, that a determination of controversies should be had as speedily as is consistent with the rights of those concerned, and without needlessly and vexatiously multiplying suits. In order to effectuate that purpose, it is the duty of the court, before whom a controversy is depending, to order all persons interested to be brought before it, although an agreement or stipulation might have been made by them such as is found in the contract now under consideration; and hence, the 40*th section* of the *Civil Code* was adopted.

That the city and the owners of property fronting streets improved may be sued in the same action, and that it is the proper mode of proceeding, was settled by

this court in *White vs. City of Louisville, &c., MS. Opinion, June,* 1863.

We also concur in opinion with the court below in the determination of the second question submitted for adjudication. The stipulation that the contractor shall ascertain and furnish the names of the owners of grounds fronting and adjacent to the improvements, is not prohibited by the charter; it is an incident to the work to be done; and the contingency that it may or may not increase the cost of the improvement, is too remote and uncertain to affect such contracts; besides, the city has an unquestioned right to make the improvements of the streets, under its charter, at the cost of the owners fronting the same. To carry out that power, it is necessary to ascertain who these owners are; and even if the ascertainment of that fact did enhance the cost of said improvement, or cause contractors to charge therefor when required to do it, that additional charge might be properly considered a part of the costs of the improvements. As to the *third* question submitted, the court below erred.

It is true, that by *section* 6, *of article* 7, of the city charter, it is provided, that the city shall keep in repair any street which it has caused to be improved at the cost of lot-owners; and the chancellor held that the stipulation in the contract, that the contractor should keep the street in repair for six months after his work was accepted by the council, was a violation of this *section and article* of the charter, and therefore discharged the appellee, Henderson, from liability for the cost of the improvement fronting his property. That stipulation, as we understand it, means that the contractor is only bound to make good such portions of his work as might

prove to be defectively done, and which repairs would
not be necessary, and never required, when he has com-
pleted his work according to his contract.

That during the space of six months defective work will,
by the use of the street, be developed ; and where such
developments are made, the contractor shall repair.   This
construction seems to be the proper one, from the terms
used, and from the subject-matter to which they relate,
and the connection in which the stipulation is found.
The subject is the improvement of streets; the thing
stipulated is, that "*the work*"—*his work*—on the street,
he will keep in repair—not all injuries to the street
which may result from other causes than defects in
his work; and this construction is fortified and sus-
tained by the fact, that it has been the custom of the
city to make similar stipulations in such contracts for
over ten years, and they have been acquiesced in by
owners of lots during the whole of that time ; as we
are not aware that the question has been made before,
and have been referred to no case in which a property-
owner has been exempted from liability for improve-
ments on that ground, although the owners of property
have been diligent to seek out and urge many and vari-
ous reasons why they should not be held liable for such
improvements, and have often succeeded.

We conclude, therefore, that the last-named stipula-
tion furnished no sufficient reason for exempting ap-
pellee, Henderson, from the payment of the amount
assessed against him for the improvement in front of
his property.   This conclusion renders the determination
of other questions debated unnecessary ; and as they are
not necessarily before us, any determination of them
would be merely *obiter dicta.*

For the reasons herein stated, however, the judgment is *reversed*, and the cause is remanded, with directions to render judgment for the amount assessed against appellee, Henderson, as set forth in the agreement of facts, and for further proceedings consistent herewith.