## Louisville Railway Company v. Simons.

(Decided March 2, 1920.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Parties—Persons Entitled to Intervene.—In an equity cause, where a party, who has a material interest in the question, in controversy, adverse to the other litigants, and the court can not make a complete determination of the question, without injury to the rights of such party or one of the litigants, already before the court, and such party offers an intervening petition to become a party to the action, it is error to reject the petition and to deny the motion to become a party.

CLARENCE DALLAM, HUMPHREY, MIDDLETON & HUMPHREY and LOUIS SEELBACH, JR. for appellant.

HENRY TILFORD and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The way known as 46th street, in the city of Louisville, intersects Broadway and Greenwood avenue, at right angles, and to the eastward of where it intersects the latter street, is situated White City, or Riverside Park, a pleasure ground, where many persons, bent on various forms of amusement and pleasure, are accustomed to frequent. From the pleadings of appellant, railway company, and the appellee, L. Simons, and the small fragment of evidence, which is brought up in the record, it is gathered, that in the year, 1898, the territory, now covered by 46th street, was without the limits of the city of Louisville, and in that year, its owners dedicated all the streets and alleyways, to the southward of Broadway, for the distance of 770.96 feet, to the public, and it is presumed, that 46th street, was one of these streets. In 1902, the limits of the city were extended to the westward on Broadway to the Ohio river, and to the southward of Broadway to the distance of two hundred feet.

In 1912, the limits of the city were, further, extended, so as to include all of what is termed, 46th street, between Broadway and Greenwood avenue, and, also, the White City or Riverside Park. On February 1, 1907, the appellee executed a deed to the appellant, by which he conveyed to it a right of way, along 46th street, from Broadway, in the direction of White City, for the purpose of appellant constructing, operating and maintaining its electric railroad. The right of way included a loop near its approach to the White City. The right of way extended from Broadway, a distance of about 1,700 feet. The consideration for the grant of the easement, was "one dollar, in hand paid, and other good and valuable considerations," and the granting clause was, "do hereby bargain, sell, grant and convey unto the party of the second part, an easement, or right of way for the construction, maintenance and operation of an electric railroad, etc." The habendum was "to have and to hold unto the party of the second part, its successors and assigns, forever," and which was followed by a proviso, as follows: "Provided, that the said tracks and loops are operated and used by the Louisville Railway Company, by running cars over the same as often as every half hour between the hours of 7:00 o'clock, a. m. and 11:30 o'clock, p. m. and provided that the last car shall leave Fourth and Broadway not earlier than 11:20, p. m., unless the same be prevented by litigation or some casualty." After the execution of the deed, the railway company constructed a line from Broadway, over the right of way granted, and has been operating its cars over it, since that time. At the time of the execution of the deed, appellee, Simons was a joint owner or stockholder, in the company or corporation, which was conducting the White City, and when its property was sold and purchased by the Riverside Amusement Company, he continued to be the owner of an interest in it. At the time of the execution of the deed, and since, he resided in a dwelling near the right of way, granted by him, but, his ownership of the property, in which he resided, is denied. Several years, before he instituted this action, he sold and conveyed a portion of the lands over which the right of way extended, to Lee Simons, and, thereafter, he, Lee Simons and others conveyed all the interests, in the lands, which he owned at the time the right of way was granted, and over which the right of way extends, to the board of park commissioners of the city,

but the conveyance to the park commissioners, was "made subject to the easements . . . heretofore granted the Louisville Railway Company." The latter conveyance was made in the year, 1913.

The railway company, under its charter, was authorized to extend its lines beyond the limits of the city, and, if at the time of the construction of its road over 46th street, any portion of same was within the city, it never obtained a franchise from the city authorities to construct or operate the line, but the authorities of the city have never objected, or in any wise, interfered with the construction or operation of any part of the line over 46th street.

The foregoing facts are the only ones admitted by the pleadings, between appellant and appellee, or proven by such of the evidence as is in the record, and are fully recited, here, to illustrate the situation of the parties and their claims, and as a basis, in part for the reasons, which actuated us to arrive at the conclusion, we have, touching the judgment appealed from. The evidence in the action is not embraced in the record, except the testimony of one witness, but, the failure to bring up the evidence, is not important, in the light of the conclusion arrived at.

After having operated the road over 46th street for about ten years, the appellant announced its purpose to abandon that portion of its system and to remove the tracks. This, it alleges, that it had determined to do upon the request of the board of park commissioners, but, the averment of such request, is denied by appellee.

To restrain the appellant from abandoning the road over 46th street, the appellee instituted this action, alleging, that appellant was under a contractual obligation to him to continue the operation of the road, and that such obligation appeared from the terms of the deed, which he had executed for the right of way, and in aid of this contention, he alleged, that the contract, in addition to what is set out in the deed, contained a further provision, that the road would be operated as long as White City should be maintained as a park, and that such portion of the contract was omitted from the deed, by mutual mistake of the parties. He, also, relied upon his right as a citizen, who owned property and resided near the road, to require the continuance of its operation, according to the general principle applied to railroads, which prohibits an abandonment of any por-

tion of its road, after the road has been established without the consent of the state, or of the creator of the authority for the construction of the road. The appellant resisted the relief sought, upon the grounds; (1) that the contract between it and appellee, was as stated in the deed, and not otherwise, and that under its terms, the right to use the right of way, was only a permission, and did not contain a covenant to construct the road, or to continue its operation, and that it had the right to discontinue at its pleasure; (2) that the owner of the servient estate was demanding the cessation of the operation of the road, and appellee had no interest in the matter having parted with his ownership of the servient estate; and (3) the road was not an essential portion of its system and was not necessary to furnish adequate facilities for the movement and travel of the citizens, who made use of the road and it had other lines of road adequate for the ready and convenient transportation of all persons, who would, in any event, make use of the road, in controversy, and that its operation resulted, in a financial loss to it, and its abandonment would redound to the best interests of the public.

After the cause had been submitted for final judgment, but, before a judgment had been rendered, upon the issues made between appellant and appellee, the board of park commissioners, after notice, to the parties, of its intention to do so, moved to set aside the submission and offered a petition to be made a party to the action, alleging, that it was a necessary party thereto, that it was the owner of all the lands over which the right of way of appellant extended on 46th street, and that over a portion of the lands, about equidistant between Broadway and the White City, the appellant has no easement, and never had, nor authority or license to construct or operate its road over same; that petitioner became the owner of such portion of the lands, by a purchase from its owner, free from the encumbrance of an easement thereon in favor of appellant, and that the tracks are being maintained and the cars operated over it, without authority and against the wishes of the park commissioners; that over a further portion of 46th street, which has never been made a public street of the city, the appellant has no right of way, never had, and is maintaining and operating its road over same without any authority or license; that petitioner is an arm of the government of the city of Louisville, with power to

open, improve, manage and control the public parks of the city, and to construct parkways and driveways, connecting the parks of the city; and that its purpose is to create a parkway, out of 46th street, as a part of the general park system of the city, and that the use of it for the maintenance and operation of a street railroad, militates against its purpose and design, in that it will render the way, unsafe, inconvenient to the public, and unsightly for the purpose of a parkway, or connection between other public parks of the city, and prays for a mandatory injunction against appellant requiring it to remove its tracks, from the portions of the street over which it has no easement, as set out in the petition, and to cease the operation of its cars, thereon. The further prayer was to be made a party to the action, that the petition be taken for its answer and a cross-petition against appellant. Upon the objection of appellee, the motion, to set aside the submission, and to file the petition or to become a party to the action, was denied, and the board of park commissioners has not appealed.

A judgment was then rendered permanently enjoining the appellant from removing its tracks or ceasing to operate the line of road over the right of way granted it by the appellee, by the deed of February 1, 1907, and the railway company appeals.

The appellant complains of the refusal of the court to permit the board of park commissioners to become a party to the action, and we will first consider the merits of this complaint. It may be said, that the board of park commissioners, having failed to appeal, that no complaint which might be urged by it, can be considered, and this is, no doubt, correct, but, the railway company has appealed, and can it be heard to complain because of the refusal to permit the park commissioners to become a party, and thereby to enable the court to make a complete and final determination of the question involved in the action? The appellee sues, relying not alone upon his alleged contractual right, but, he, also sues as a citizen of the community, demanding relief for the benefit of all citizens of the community, and his action is in the nature of an action, not only for himself, but, for the benefit of all similarly situated. The interests of the board of park commissioners as averred in their petition, is adverse to those of the appellee, in his private capacity, relying upon his alleged contract right, as well as his interests representing those of the community, at

large. If the claims of the park commissioners are valid and enforcible, the demands of appellee are not enforcible. Section, 23 Civil Code, provides: "Any person may be made a defendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in the action." Thus, there seem to be two classes of defendants, (1) those who are proper parties, and (2) those who are necessary parties to a complete determination of the question, in controversy. As a rule, plaintiff need not make any one a party against whom, at a hearing, he can not have a judgment. Todd v. Sterrett, 6 J. J. M. 432. Though, such a person may sometimes be a proper party, he is not a necessary one. Section 28, Civil Code, declares the distinction between the two classes, when it provides, "The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it can not do so, it must require such other persons to be made parties, or must dismiss the action without prejudice." In applying these provisions of the Code to controversies, growing out of real estate, it is generally held, though with some exceptions, that all must be made parties, who are materially interested in the subject matter. Newman, section 182f. In City of Louisville v. Henderson, 5 Bush 518, construing these provisions of the Code, the court said: "It is to the interest of the country as well as to the parties concerned, that a determination of controversies should be had as speedily as is consistent, with the rights of those concerned and without needlessly and vexatiously multiplying suits. In order to effectuate that purpose, it is the duty of the court, before whom a controversy is depending, to order all persons interested to be brought before it. . . ." A similar declaration was made in Shawhan v. Zinn, 79 Ky. 300. The persons in interest to whom the court here made reference, must have been to such persons, as were necessary to a complete determination of the questions, in controversy, and without whose participation in the litigation, the court could not dispose of the controversy between the parties before it, without injury to the rights of others. The question, in controversy in the instant case, is, whether the appellant should be required to continue the maintenance and operation of its road over 46th street. The board of park commissioners, by its petition, claims, that certain of the lands, over which the road is operated, is

its property, and in which the appellant never had an easement, and certain other portions of the lands, are under its control, and appellant never acquired an easement in these lands, and they demand, that it remove its tracks, and cease to operate its cars over these lands, without license and without authority. These averments bring the validity of the easement granted by appellee and without which the appellant appears to have no right nor authority to operate the road over the lands, in question. To require by a judgment of the court, that appellant continue to maintain and operate its road, in this action, would be only a partial determination of the question in controversy, if the claim of the park commissioners is a valid one. It would place the appellant in the predicament of being required to do a thing, by judgment of the court, and refuse it the right to withdraw before a superior claim, until another judgment of the court should be rendered, requiring it to cease its operation, with the attendant costs of litigation and probably of damages. It clearly appears, that to preserve the rights of all from injury, the questions, in controversy, should all be determined, in the one cause, and the board of park commissioners is a necessary party to a complete determination of the controversy. The intervening petition of the board of park commissioners may be taken as its answer, and cross-petition, against appellant. Taylor & Crate v. Foster, et al., 148 Ky. 211.

The appellant may appeal from the judgment and be heard to complain of the refusal of the court to permit one, who is necessary to a complete determination of the controversy to be made or to become a party. A similar question to this, was determined in Forepaugh v. Appold, 17 B. M. 626. In that case, an assignee of a note, with notice, that before the assignment was made, the assignor had made a general assignment for the benefit of creditors, sued the obligor in the note, and who without denying liability upon it, brought to the attention of the court, the fact of the general assignment, but, judgment was rendered against him, and, thereafter, the assignee for creditors sought to file an intervening petition and to be made a party, which the court denied, but, upon appeal by the obligor in the note, although the assignee for creditors did not appeal, this court reversed the judgment, and held, that the assignee for creditors should have been permitted to become a party, and the denial of such right, was a reversible

error, upon the ground, that the rejection of the petition of the assignee for -creditors laid the obligor subject to future liabilities, although having satisfied the judgment of the assignee of the note against him. Having arrived at the above conclusion, the other questions raised upon the appeal are not decided. The judgment is therefore reversed, and the cause remanded with directions to set aside the judgment, and to permit the petition of the board of park commissioners, to be filed and for other proper proceedings,