## Burley Tobacco Growers' Co-operative Association v. Jewell.

(Decided February 26, 1926.)

### Appeal from Spencer Circuit Court.

1. Agriculture—Evidence held insufficient to take case to jury, where tobacco growers' association sued member for selling tobacco to another.

2. Agriculture.—Tobacco growers' association had burden of proof in action against member for selling tobacco to another.

ROBT. H. HAYS, W. R. REASOR and AARON SAPIRO for appellant.

THAD CHEATHAM and AMOS WILLIAMS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

In 1923, the appellee, whom we will call the defendant, became a member of the appellant (plaintiff) society, and he delivered to plaintiff his tobacco grown that year. On March 4, 1925, plaintiff began this action against defendant and in its petition alleged that the defendant had produced, or had had produced for him, 6,500 pounds of tobacco in the year 1924, which tobacco, after it had matured, had been cured, and been prepared for market, was sold, delivered or otherwise disposed of by defendant without delivering same to the plaintiff. Plaintiff filed a marketing agreement which defendant had signed, and by which he agreed to deliver his tobacco to it, and by which contract, it was further provided that if he failed, the plaintiff should recover of him 5c per pound as liquidated damages for breach of the contract, also all costs, expenses, and a reasonable attorney's fee. Plaintiff prayed judgment against the defendant for $625.00, $325.00 of that being for liquidated damages, $150.00 for costs and expenses, and $150.00 for attorney's fees.

The matter was heard before a jury, and at the conclusion of the evidence the court directed the jury to find for the defendant, and plaintiff has appealed. Defendant and his wife own jointly a tract of land containing 40 acres, and adjoining this tract is another farm of 100 acres or thereabouts, owned by the wife, upon which the defendant and his wife reside, and upon which the 6,500 pounds of tobacco alleged to have been produced.

by defendant in 1924, was grown. It appears from the evidence that the larger part of this tobacco was grown by one Joe Calvert, as a tenant of Mrs. Jewell. The plaintiff undertook to prove that the remainder of this tobacco was grown by defendant, but the evidence shows that it was grown on Mrs. Jewell's land; that the larger part of the work done in this tobacco was done by Mrs. Jewell and her children. It appears that the defendant is in not very robust health, and that he did but little work on the farm. He busied himself with other light avocations. It was shown, however, that he had given some assistance in preparing the bed for plants. It was shown that he bought some nitrate of soda to be used as fertilizer, and that he paid for this nitrate of soda. It seems that most of this soda, however, was bought by him for other people, to whom he delivered it, and by whom he was paid for it; but a portion of it was used on these tobacco beds. Defendant gave some assistance in setting out the crop and worked in it a day or two. He gave some assistance in housing and stripping the tobacco. He gave some assistance in loading the tobacco, and it is claimed that this tobacco was sold by defendant's wife to defendant's brother, Sam Jewell, and was finally sold on the market in the name of Sam Jewell. Plaintiff showed that Sam Jewell, a few days after this tobacco was sold, gave a check to defendant for $813.30, but the defendant accounts for that by showing that he had borrowed $900.00 from his brother Sam; that he owed his brother an account which was taken out of the money borrowed, and that this $813.30 was the balance of the loan, after paying the account. It was shown that after paying a note of $200.50 out of the money, the $612.80 remaining were deposited to the credit of defendant in the bank of Taylorsville.

The burden was on plaintiff to prove its case. The conditions of this contract are highly penal. The defendant's rights cannot be guessed away. Either the plaintiff had no case, and knew it, or it was negligent in the preparation of its case. It perhaps knew what the evidence of Sam Jewell, the purchaser of the tobacco, and of Calvert, the grower, would be. From its failure to call either of these men as witnesses, a fair conclusion is that their evidence would not have sustained the plaintiff. It appears from the evidence of the plaintiff that this tobacco was grown on Mrs. Jewell's land, with the labor of her tenant, her teams, herself and her children; that her tools were used and that she had the entire

management and control of it. The evidence introduced had not sustained plaintiff's contention, and the court properly instructed the jury to find for the defendant.

The judgment is affirmed.