## BLACKWOOD *v.* WELCH.

Opinion delivered July 8, 1929.

980

*Hal L. Norwood,* Attorney General, and *Claude Duty,* Assistant, for appellant.

*Robinson, House. & Moses* and *Frank Bird,* for appellee.

HART, C. J., (after stating the facts). At a special session held in 1923 the Legislature of the State of Arkansas passed act No. 5, creating the State Highway Commission and prescribing the duties thereof. Special

Acts of 1923, p. 11. The act was approved October 10, 1923, and contains eighty-five sections. Section 36 of the act deals with the subject of the registration and licensing of all motor vehicles. Subdivison *e* of the section reads as follows:

"The rate to be charged for motor vehicles used for the transportation of freight and property for hire shall be one and one-half the amount herein specified for trucks."

This act was amended by act No. 65 of the General Assembly of 1929, which act was approved February 28, 1929. Subdivision *e* of § 24 of said act No. 65 is exactly the same as subdivision *e* of § 36 of act No. 5 passed by the Legislature of 1923.

The plaintiff paid the license fee assessed under said act against motor vehicles of private owners when such vehicle is not used in the transportation of freight and property for hire. The plaintiff did not use his automobile for any other purpose than carrying the United States mail over his route as above designated.

The defendants, who composed the State Highway Commission, and the sheriff of Faulkner County attempted to collect the fee provided by the statute above referred to, which is charged for motor vehicles used for the transportation of property and freight for hire.

Counsel for the defendants especially rely upon the case of *State* v. *Willis,* 116 Wash. 387, 199 Pac. 749, 18 A. L. R. 1163, where the Supreme Court of the State of Washington held that one contracting to transport United States mail was not absolved from the duty of obtaining State licenses for motor vehicles used in the business. Willis in that case was charged with unlawfully using a motor truck on the public highway, without first obtaining a license as required by the statute. Willis had entered into a written contract with the United States, whereby, for a certain consideration, he agreed to carry the United States mail in the city of Seattle between the various depots, postoffice and substations therein. In

carrying out his contract he used various motor trucks, including the one which he was accused of operating without first having obtained a license. The court held that Willis was a personal contractor, doing certain work for the Government at a stipulated compensation, and was in no sense a representative or agent for it.

We do not consider that that case has any application whatever under the facts stated in the case at bar. The plaintiff was appointed under the postal laws and regulations of the United States. Section 718, which we have copied in our statement of facts, expressly provides that such rural carriers shall be appointed by the Postmaster General upon certification by the Civil Service Commission from registers of eligibles, resulting from examination. The plaintiff was so appointed, and took the oath of office and gave bond in the form provided by the postal rules and regulations of the United States. In his oath he expressly stated that he would support and defend the Constitution of the United States and bear true faith and allegiance to the same. Section 732 provides that the official duties of rural carriers shall be the delivery into and collection from boxes on their routes of mail matter of all classes, etc. The plaintiff engaged in no other occupation with his automobile except to carry the United States mail, under his appointment, as provided by the postal rules and regulations. We think that he was an officer of the United States, and did not fall within the provision of the statute requiring a license fee of persons using motor vehicles for the transportation of freight and property for hire. In *United States* v. *McCrory*, 91 Fed. 295, it was held that letter carriers in the postal service are officers of the United States within the meaning of an amendment to the judiciary act taking away from circuit and district courts jurisdiction of suits against the United States by such officers to recover fees. The principles of law defining persons who may be officers of the United States are clearly stated by Mr. Justice Miller in *United States* v. *Mouat,* 124 U. S. 303, 8 S. Ct. 505, as follows:

"What is necessary to constitute a person an officer of the United States, in any of the various branches of its service, has been very fully considered by this court in *United States* v. *Germaine*, 99 U. S. 508. In that case it was distinctly pointed out that, under the Constitution of the United States, all its officers were appointed by the President, by and with the consent of the Senate, or by a court of law, or the head of a department; and the heads of the departments were defined in that opinion to be what are now called the members of the Cabinet. Unless a person in the service of the government therefore holds his place by virtue of an appointment by the President or of one of the courts of justice or heads of departments authorized by law to make such an appointment, he is not, strictly speaking, an officer of the United States."

As we have already seen, the plaintiff was appointed by the Postmaster General from a list of eligibles resulting from examination by the Civil Service Commission, and had a fixed and permanent tenure of office. He was in no sense a person contracting with the United States, but was directly under its service as an officer appointed by the Postmaster General, who is a member of the Cabinet of the President. See also *Groves* v. *Barden*, 169 N. C. 8, 84 S. E. 1042 L. R. A. 1917A, 228 Ann. Cas. 1917B, 316.

The rural carrier is, as we have just seen, appointed by the Postmaster General, a member of the Cabinet, and the head of his department, and therefore comes within the classification of officers as construed by the Supreme Court of the United States, and is in no sense using the automobile in question for transportation of freight and property for hire within the meaning of the statute. Therefore the decree of the chancery court will be affirmed.