## Ray's Trustee v. Ray's Assignee et al.

(Decided March 10, 1931.)

790

STOUT & HERDMAN for appellant.

S. Y. TRIMBLE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The parties agree that the sole question presented by this appeal is the right of a trustee in bankruptcy to intervene in an action by an assignee for the benefit of creditors to settle an assigned estate. The discussion, however, has taken a much wider range. A brief statement of the facts is necessary to an understanding of the issue to be determined.

Chas. M. Ray, on May 15, 1928, made a deed of assignment to J. Guthrie Coke by which he conveyed all of his estate, including land and personalty, for the benefit of his creditors. The lands and much of the personal property were incumbered by mortgages. The assignee promptly filed an action in equity for a settlement of the estate. During the pendency of the suit, Ray, upon his voluntary petition, was adjudicated a bankrupt. M. M. Ennis was duly elected his trustee in bankruptcy. On July 19, 1929, Ennis filed an intervening petition seeking an order directing the assignee to turn over to the trustee the excess funds in his hands and attacking certain allowances made to the assignee and his counsel. Process upon the intervening petition was served upon the attorney for the assignee. An amended petition was

offered setting up that the trustee had been invited to intervene in order that a final settlement might be made. The court declined to permit the intervening petition to be filed, and it is from that action that the present appeal is prosecuted.

The trustee in bankruptcy represents the general creditors. The title to a bankrupt's property not exempt by law vests in the trustee as the representative of the creditors who are unsecured, and who were such creditors at the time of filing of the petition. The title is held in trust for the creditors, and for the purpose of distribution among them. 7 C. J. sec. 345, p. 224. The title of the trustee is not limited to the property which belongs absolutely to the bankrupt, but extends to all assets available for the general creditors. Where property is in course of administration in a state court in proceedings of a character not to be stayed, the custody of property by the state court will not be disturbed. If the trustee is entitled to relief respecting anything involved in such litigation, he must become a party thereto (7 C. J. sec. 194, p. 117; 7 C. J. sec. 421, p. 266) in the manner provided by the rules of practice prevailing in the forum. 7 C. J. p. 145, p. 240; Bacon v. George, 206 Mass. 566, 92 N. E. 721. It is obvious that any and all funds in the custody of the state court over and above that required for the payment of liens, was available to the trustee for the benefit of the general creditors. The amount of such funds might depend upon the validity or propriety of allowances which could only be determined by the court that made them or by this court upon appeal. Section 29 of the Civil Code of Practice permits any person claiming a right to or interest in real or personal property, or its proceeds, which is involved in an action for the subjection thereof, to become a party by an intervening petition, and section 28 requires the court, when it is unable to determine a controversy without prejudice to persons not parties, to compel such persons to be made parties to the action, or to dismiss it without prejudice. Undoubtedly, the trustee in bankruptcy, as the lawful representative of the unsecured creditors, is a necessary party to an action for a settlement of the bankrupt estate, and no final determination can be made without prejudice to his rights. It was the duty of the circuit court upon his application before final distribution, to

make the trustee in bankruptcy a party to the action. Comingor v. Louisville Trust Co., 128 Ky. 697, 108 S. W. 950, 111 S. W. 681, 33 Ky. Law Rep. 53, 884, 129 Am. St. Rep. 322; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413.

The right of the assignee to have a settlement of his accounts in the state court necessarily includes the right of the trustee in bankruptcy to participate in the litigation involved in making such settlement. The allegations of the intervening petition, in the absence of denial, must be accepted as true (Bellamy, Assignee, v. Krebs, 213 Ky. 273, 281 S. W. 187), and, if the allegations of the intervening petition as amended be true, the rights of the general creditors are seriously affected by the orders of the circuit court in the case. The right of a trustee in bankruptcy to sue and be sued in a state court is fully established (Wallace v. Everett [Ky.] 125 S. W. 745; Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112), and his right to intervene in pending actions is unquestioned. Hackett's Ex'rs v. Hackett's Trustee (Ky.) 118 S. W. 377; Tharp v. Tharp's Trustee (Ky.) 119 S. W. 814; Atkins v. Globe Bank & Trust Co. (Ky.) 124 S. W. 879; Cf. Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583. A trustee in bankruptcy is not like an ordinary assignee who stands in the shoes of his assignor, but represents the rights of the unsecured creditors and is entitled to enforce all of their equities. 7 C. J., p. 133, sec. 226. Shackleford v. Collier, 6 Bush, 149; Sanders' Assignee v. Duvall, 8 Ky. Opin. 642; Anderson's Assignee v. Anderson, 80 Ky. 638; McLeod's Trustee v. McLeod (Ky.) 89 S. W. 199, 28 Ky. Law Rep. 284.

The court should have permitted the trustee in bankruptcy to be made a party to the action and erred in refusing his request to that end. Louisville Ry. Co. v. Simons, 187 Ky. 301, 219 S. W. 162.

It is argued that the title to the property of Ray was vested by the deed of assignment in Coke, as assignee, that no interest therein passed to the trustee in bankruptcy, and that the assignment could not be attacked after the lapse of the period of limitation.

The federal cases cited, of which Galbraith v. Kline (D. C.) 7 F. (2d) 682, is fairly representative, are not applicable. In such cases it was sought, by proceedings in the bankruptcy court, to avoid the assignment, and,

by summary order, to take from the state court the administration of the assigned estate. Plainly that may not be done. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377.

But the intervening petition here did not seek to assail the assignment, or to acquire possession of any of the assigned property, or to interfere with the custody thereof by the state court. The trustee sought an order in the state court to have paid over to him the excess funds that were available for distribution among the general creditors. The circuit court had jurisdiction to determine that matter, and the trustee in bankruptcy had a right to be heard upon all questions affecting the amount that may be distributable among unsecured creditors.

If the proceeds of the assigned property exceeded the liens, and there was something for distribution among the general creditors, the trustee in bankruptcy was interested therein, was a necessary party to the settlement suit, and had a right to intervene therein. Newman's Pleading & Practice (3d Ed.) vol. 1, sec. 187, pages 241 and 795.

The judgment is reversed for proceedings not inconsistent with this opinion.