## Waddle et al. v. Hughes, Superintendent of Ferguson Independent Graded School District No. 76 et al.

(Decided June 21, 1935.)

W. N. FLIPPIN for appellants.

H. C. KENNEDY and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

J. B. Hughes, as superintendent of schools in Ferguson independent school district No. 76, Pulaski county, and as a citizen and resident of such district, instituted this action against George McKinney, Ellis Gregory, Elmer Weddle, J. F. Neikerk, and O. H. Waddle, alleging that the three first-named defendants are duly elected, qualified, and acting members of the school

board of Ferguson district, and that J. F. Neikerk and O. H. Waddle are claiming to be duly appointed and elected members of such board, but that neither of them were appointed or elected, nor are they members of such board; that two vacancies exist in the board because J. F. Neikerk was at the time of the election and still is a United States mail carrier within and for the city of Somerset, and that his office as city mail carrier is incompatible with that of member of the school board; that O. H. Waddle was in 1935 appointed a member of the school board to fill a vacancy then existing; that at the time of his appointment, he was and is still ineligible to hold such position in that he did not possess the educational qualifications prescribed by an Act of 1934, c. 65, known as the School Code, and especially article 5, sec. 17, thereof (section 4399-22, Kentucky Statutes, 1934 Supplement); that under the law it was the duty of the remaining members of the board to fill the two vacancies because of the ineligibility of Waddle and Neikerk, but that the other members have failed and refused to perform their duty in that respect; that Neikerk and Waddle are threatening to, and, unless enjoined and restrained, will continue to meet with the board and attempt to perform the duties of members thereof. He asked that Neikerk and Waddle be enjoined and restrained from undertaking to perform the duties of the members of the board, and that the other members be required to meet and fill the two vacancies by appointment of two competent qualified persons.

Before any steps had been taken by defendants, the Attorney General, on behalf of the commonwealth, filed an intervening petition asking to be made a party plaintiff, setting up the ineligibility of Neikerk and Waddle as alleged in the original petition, and prayed that they be adjudged to be usurpers in the office of member of the board of Ferguson independent school district, and that they be removed from membership thereon, and for the other relief prayed for in the original petition.

The defendants, McKinney, Gregory, Neikerk and Waddle filed a general demurrer to the petition and without waiving same filed a special demurrer on the ground that plaintiff Hughes neither in the capacity of superintendent nor as a citizen and resident of the district had a right to maintain the action for any purpose, and also moved the court to dissolve the temporary re-

straining order which had been granted. The court overruled both the special and general demurrers as well as the motion to dissolve the temporary restraining order, and defendants declining to further plead, judgment was entered granting the relief sought by the original and intervening petitions, and defendants Neikerk and Waddle are appealing.

As grounds for reversal, it is urged that the superintendent, as executive officer of the board of education of Ferguson district, is not given authority by statute to maintain an action to try title to office of one serving and claiming to be a member of the board, and, further, that the commonwealth had no right to intervene in the action because it was brought by one without authority to bring it; that these questions were properly raised by filing a general demurrer, and, without waiving same, filing the special demurrer, and by interposing objections to the filing of the intervening petition.

On the other hand, counsel for appellees argue that Hughes, as superintendent, had a right to maintain the action, and that by first filing a general demurrer, appellant waived any and all questions concerning his right to maintain the action. That part of the School Code embodied in section 4399-34, Kentucky Statutes, Baldwin's 1934 Supplement, defines the powers and duties of the superintendent, and it is contended by appellees that under the broad powers granted thereby, the superintendent has implied, if not express, power to maintain an action in this connection. Under section 480 of the Civil Code of Practice, ordinary actions may be brought to prevent the usurpation of office in lieu of the common-law writ of quo warranto. Section 484 of the Civil Code of Practice makes it the duty of the commonwealth's attorney to maintain such action against usurpers of county offices, and section 485 provides that for usurpation of other than county offices the action shall be by the commonwealth and prosecuted by the Attorney General. In the case of Commonwealth v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857, it was held that a school superintendent is not a county officer, but a state officer, since he has a part in the state system of education, and in Tipton v. Commonwealth, 238 Ky. 111, 36 S. W. (2d) 855, it was held that the same rule must necessarily apply to a member of the county board of education. It follows that it would also apply to mem-

bers of the board of education in independent and graded school districts, because they also have a part in the state system of education. Therefore, being a state office, an action for its usurpation may be maintained by the commonwealth through the Attorney General.

W i t h o u t determining whether Superintendent Hughes could maintain an action for any of the relief sought by his petition, it is sufficient to say that the Attorney General for and on behalf of the commonwealth could maintain the cause of action set up in his petition, and appellants were in no way prejudiced by the action of the court in permitting the intervening petition to be filed, since it deprived them of no right to interpose or make any defense they had; and in such circumstances the judgment should not be reversed merely to require the Attorney General to institute another proceeding of like character. It is a fixed policy of the law to terminate litigation as speedily as possible, and, where consistent with justice, to avoid multiplicity of action. Louisville Ry. Co. v. Simons, 187 Ky. 301, 219 S. W. 162; City of Louisville v. Henderson, 68 Ky. (5 Bush) 515.

The only question remaining to be determined is whether a cause of action was stated. The petition alleges that appellant Waddle did not possess the educational qualifications required to permit him to be a member of the school board, and this is not denied.

If the position of United States mail carrier is an office of trust or profit under the United States, then appellant Neikerk was ineligible to hold or exercise the office of member of the school board. Kentucky Const. sec. 237 provides:

"No * * * person holding or exercising an office of trust or profit under the United States * * * shall be eligible to hold or exercise any office of trust or profit under this Constitution, or the laws made in pursuance thereof."

"An officer of the United States is one who holds office by virtue of appointment by the President or by heads of departments authorized to make appointments." Fekete v. City of East St. Louis, 315 Ill. 58, 145 N. E. 692, 693, 40 A. L. R. 650; U. S. v. Mouat, 124 U. S. 303, 8 S. Ct. 505, 31 L. Ed. 463; U. S. v. Hartwell, 6 Wall. 385, 18 L. Ed. 830; U. S. v. Germaine, 99 U. S.

508, 25 L. Ed. 482. A mail carrier is a public officer within the meaning of the statute forbidding the holding of two offices at the same time. Groves v. Barden, 169 N. C. 8, 84 S. E. 1042, L. R. A. 1917A, 228, Ann. Cas. 1917D, 316.

In United States v. McCrory (C. C. A.) 91 F. 295, 296, it was held that letter carriers are officers within the meaning of the federal statutes, and in the course of the opinion it is said:

"Letter carriers are appointed by the postmaster general under authority of the acts of congress, practically during good behavior. They are sworn and give bond for the faithful performance of their duties. They are paid from moneys appropriated for the purpose by congress, and their salaries are fixed by law. They have regularly prescribed services to perform, and their duties are continuing and permanent, not occasional or temporary."

From the foregoing, it is apparent that appellant Neikerk, as letter carrier, held an office of trust or profit under the United States within the meaning of the Constitution and statutes, and was therefore ineligible to hold office as member of the school board.

Judgment affirmed.