## Ray's Trustee in Bankruptcy v. Ray's Assignee et al.

(Decided April 24, 1936.)

As Extended on Denial of Rehearing May 29, 1936.

STOUT & HERDMAN for appellant.

COLEMAN, TAYLOR, S. Y. TRIMBLE and RICHARD PRIEST DIETZMAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This case has been here before. See 237 Ky. 789, 36 S. W. (2d) 624. Then we reversed the judgment and directed that the appellant should be allowed to intervene, now he has intervened, and sought to have the court vacate and set aside an allowance of $3,000 made to Guthrie Coke as assignee of C. M. Ray and a like allowance made to Coleman Taylor, attorney for said assignee, and, having been unsuccessful, he has appealed.

### The Facts.

On May 15, 1928, C. M. Ray made a deed of assignment to Guthrie Coke for the benefit of his creditors. On May 18, 1928, Coke filed a suit for settlement of the assigned estate, was appointed receiver, and directed to operate the farms that year. On February 15, 1929, the court made to Taylor an allowance of $3,000 for his services as attorney for the assignee. Shortly thereafter Coke asked for an allowance of $3,000 for his services. April 16, 1929, Ray filed a voluntary petition in bankruptcy, and the following day was adjudicated a bankrupt. Later a trustee in bankruptcy was elected and now has intervened and sought to set aside these allowances.

### What Coke Did.

By this assignment there came into the hands of Coke about 1,000 acres of land, upon which, as well as the rents, issues, and profits, there were divers mortgages held by insurance companies as well as other mortgages. Mr. Ray had already arranged with tenants for the cultivation of this land for that year. Mr. Coke financed those tenants to the extent of $1,130, but this was repaid him when they sold their crops. Mr. Coke employed Mr. Ray to help him in this, and paid him $1,696.23 for his services, and he paid a Mr. Wilson $100 for clerical work out of his allowance, so that the net fee to Mr. Coke is, according to our figures, $1,203.77.

The land sold for $82,187. It was bid in by the lienholders, but, as a result of the activities of Mr. Coke, it brought the lien debts against it and there were no deficiency judgments. He sold at public and private

sale an assorted lot of farm and household property 182 items that brought $5,772.71, and he made a net profit in the operation of the farm of $6,415.46, making a total of $94,375.17, which Mr. Coke realized for this estate.

## What Taylor Did.

Taylor prepared the deed of assignment, the suit to settle the estate, took steps to have receiver appointed, advised assignee and receiver, negotiated compromise with Northwestern Mutual Life Insurance Company, looked after sale of the real and personal property, arranged to have property bring the liens against it, filed exceptions to claim of sheriff of Simpson county, and tried that matter, excepted to and resisted $10,000 claim of Alice Ray, prepared the reports of the assignee and the receiver, the advertisements of the property, the appraisements, investigated the claims filed against the estate, filed exceptions to the report of claims, tried issue made by New York Life Insurance Company, took 24 depositions, attended numerous conferences, prepared deeds to the purchasers, prepared the various court orders, has briefed this case twice for this court, and rendered divers other services, all of which is manifested in the 400 pages of record before us, and this matter has now required his attention more or less for eight years.

## Our Conclusions.

Courts could not function without the aid and services of assignees, receivers, and attorneys. Such men must have fitness and training that it has required time and money to acquire. There are items of expense they must incur, and we have seen that the net return to Coke after deduction of his expenses is practically 40 per cent. of the $3,000 allowed him.

In 1917, by a paper recorded in Deed Book 99, page 427, Charles M. Ray acquired from Alice Ray et al. 112 acres of land, for which he promised to pay them $10,000 and certain interest, and all of this $10,000 and some of the interest was unpaid when this assignment was made.

On September 5, 1919, Charles M. Ray, by deed of general warranty, conveyed 27 acres of this 112 acres to Mrs. Helen Leech Wilson, and was paid $2,160 for it.

Alice Ray et al. intervened in the suit to settle the assigned estate, and sought to recover this 112 acres upon the idea that the paper of 1917 was not a deed. Taylor successfully resisted this claim of Alice Ray et al. and may have received some fee from Mrs. Wilson, but he was also representing the assignee in so doing, for if Alice Ray et al. had succeeded, that would have been immediately followed by a claim by Mrs. Wilson under the warranty in her deed for the $2,160 she paid for the 27 acres. So Taylor's services in this branch of the case can and properly should be considered in fixing a fee for Taylor's services, rendered the assignee. The proper elements to be considered in fixing an attorney's fee are set out in Axton v. Vance, 207 Ky. 580, 269 S. W. 534.

When we consider these allowances in the light of the evidence in this record and the guides we have mentioned, we are unable to find any error in the refusal of the court to set them aside.

Judgment affirmed.

Whole court sitting.