Sidney **LASHER**, Appellant,

v.

**COMMONWEALTH of Kentucky ex rel. Robert MATTHEWS, Attorney General, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Oct. 6, 1967.

William B. Byrd, Paducah, for appellant.

Ben Fowler, Dailey & Fowler, Frankfort, Boyce G. Clayton, Benton, for appellee.

CULLEN, Commissioner.

Sidney Lasher appeals from a summary judgment ousting him from the office of member of the board of education of Livingston County. The basis of the judgment was that Lasher is ineligible to hold the office because he holds the position of rural mail carrier. The circuit court was of the opinion that the position of rural mail carrier is "an office of trust or profit under the United States" within the meaning of Section 237 of the Kentucky Constitution, which declares a person holding such an office to be ineligible to hold an office of trust or profit under the Kentucky Constitution or statutes.

The ruling of the circuit court was in accord with our decision in Waddle v. Hughes, 260 Ky. 269, 84 S.W.2d 75, that the position of city mail carrier is an "office of trust or profit." The appellant argues that Waddle should be overruled. A majority of this court so agrees.

Under our decisions a requisite of a position's being a public "office" is that it possess a delegation of a portion of the sovereign power of government—authority to exercise some portion of the sovereign power—independent of any superior human authority other than a statutorily prescribed general control. Commonwealth v. Bush, 131 Ky. 384, 115 S.W. 249; City of Lexing-

ton v. Thompson, 250 Ky. 96, 61 S.W.2d 1092; Bernard v. Humble, 298 Ky. 74, 182 S.W.2d 24; Black v. Sutton, 301 Ky. 247, 191 S.W.2d 407; Taylor v. Com. ex rel. Dummit, 305 Ky. 75, 202 S.W.2d 992; Howard v. Saylor, 305 Ky. 504, 204 S.W.2d 815; Nichols v. Marks, 308 Ky. 863, 215 S.W.2d 1000; Love v. Duncan, Ky., 256 S.W.2d 498.

■ The record in the instant case shows that a mail carrier of Lasher's category has no supervisory powers or duties; he has no decision-making powers in respect to procedures; he exercises no discretionary powers; he is bound by detailed rules. In fact, it is a matter of common knowledge that some postal employes work under rules probably more rigid and unvariable than those of any other department of the federal government. In no sense can it be said that the carrier exercises any of the sovereign *power* of government or has any independent *authority*. He merely performs duties assigned to him under superior authority in accordance with a manual of rules.

In Waddle v. Hughes the decision that the mail carrier was an officer seems to have been based primarily on the fact that carriers are appointed directly by the head of the post-office department. However, in none of our other cases do we find that the source of appointment was stated to be a major factor, or even a factor at all, in determining whether a position is an office. Other factors were mentioned in a federal decision cited in Waddle v. Hughes, such as the requirement of an oath and bond, a salary fixed by law, and regular, permanent duties. It is true that in some of our other cases we have mentioned these as factors to be considered, but we have continued to list as essential the possession of a delegation of a portion of the sovereign power.

■ It appears that the purpose of Section 237 of our Constitution is to prohibit a separation of allegiance from one sover-

eign to another and to prevent a division of loyalty. See Baker v. Dixon, 295 Ky. 279, 174 S.W.2d 410. Where a position involves authority, judgment, or discretion, obviously allegiance and loyalty are matters of prime concern. But where a position carries no power to make decisions, and its incumbent merely performs routine functions according to orders of superiors, any possible danger from a separation of allegiance or a division of loyalty would not seem to be significant, and we cannot conceive that the framers of our Constitution deemed it significant enough to be brought within the prohibition of Section 237.

■ As we view it, the fact that the federal government or the federal courts may designate or classify mail carriers as officers is not controlling of our interpretation of our Constitution. What "office" means in Section 237 should be decided according to the standard Kentucky meaning of the word as established by the decisions of this court. And we think that we must conclude that in using the word "office" in Section 237 the framers of the Constitution meant an office as distinguished from some other kind of a position. Otherwise, why did they not say "regular salaried position" instead of "office?"

■ We point out that the ineligibility imposed by Section 237 upon the holder of a federal "office of trust or profit" is from holding a Kentucky "office of trust or profit." Certainly this court would not say that a mail clerk in the Kentucky Department of Finance, though appointed by the head of the department and drawing a regular, fixed salary, holds a *Kentucky* "office." Clearly the word must be given the same meaning when applied to positions in the federal government as when applied to those in the state government.

It is our conclusion that the position of mail carrier, city or rural, such as held by Lasher, is not an "office" within the established standard definition of that term,

and therefore is not one within the meaning of Section 237 of the Kentucky Constitution. Accordingly, we overrule Waddle v. Hughes, 260 Ky. 269, 84 S.W.2d 75.

It does not follow, however, that the judgment ousting Lasher should be reversed. For reasons hereinafter stated, the new holding of this opinion will be prospective only—not applicable to present occupants of Kentucky offices during the remainder of the terms they now hold.

 It is, of course, within our inherent power to give a decision prospective or retrospective application. See Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360. We can make a decision applicable only to future fact situations, or to future fact situations and to the instant case, or to all situations, past. or future. See Haney v. City of Lexington, Ky., 386 S.W.2d 738. The chief reason for denial of retrospective application has been to preserve property rights acquired in reliance upon the law that is being changed by the new decision. See Bishop v. Bishop, Ky., 343 S.W.2d 587. Another reason has been to prevent confusion and expense arising from the unsettling of matters deemed to have been settled under the old law. See Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844.

As pointed out in Haney, supra, to make a law-changing decision applicable to the instant case is in effect to reward the appellant for his industry in attacking the soundness of the old law. But it seems a little incongruous to reward someone who is in the position of having defied the old law. Lasher took office as a member of the board of education, and continued to hold it until entry of the judgment in this litigation, charged with the knowledge that under then existing law he was ineligible to hold the office. We believe it would not be consonant with generally prevailing concepts of fairness to relieve him of the bar of ineligibility. The same is true as to any

other person now holding a Kentucky office which he was ineligible to hold under the rule of Waddle v. Hughes. Accordingly, this opinion will have prospective application only, as hereinbefore stated.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.

MONTGOMERY, J., concurs in the result but not in the limitation to prospective application.