Dual Office — Postal Carrier — School Board Enrolled House Bill No. 1325, 31st Legislature, Second Session, is constitutional except to the extent that it permits United States rural mail carriers to serve on a school board. If any position within the postal department is a federal office it would be a violation of the Oklahoma Constitution to permit such an officer to serve also as a school board member. (Vetoed by Governor) The Attorney General has had under consideration your letter of April 24, 1968, wherein you ask the following question: "Enclosed is a copy of Enrolled House Bill No. 1325. This bill amends Title 70 O.S. 411 [70-411] (1961) by adding the following language "Provided that no person otherwise qualified shall be ineligible to file as a candidate and serve as a member of the school board by reason of employment by the United States Post Office Department, except postmasters, or as an employee under the Merit System of the State of Oklahoma." "In your opinion, is this proposed statute constitutional in view of the previous opinions of your office and the Supreme Court of Oklahoma?" The previous opinions which were referred to in your letter include Attorney General's Opinions numbered 65-211 and 64-196. Attorney General's Opinion number 64-196, held in part as follows: "It has been the consistent ruling of this office that a member of a school board holds an office of trust under the laws of this state. Therefore, the Attorney General concludes, in answer to your first question, that a rural mail carrier may not at the same time serve as a member of a school board. This would not preclude such carrier from running for election to the school board office. He would, of course, be legally prohibited from assuming such school board duties, in the event he won the election, so long as he retained his office as a mail carrier." The holdings in our previous opinions concerning this matter were based upon a state constitutional prohibition. Article II, Section 12 of the Oklahoma Constitution provides: "No member of Congress from this state, or person holding any office of trust or profit under the laws of any other state, or of the United States, shall hold any office of trust or profit under the laws of this state." (Emphasis added) It appears that clearly a rural mail carrier, because of his present method of appointment, tenure, salary and duties, holds an office of trust or profit under the laws of the United States. In United States v. McCrory, 91 Fed. 295, the Fifth Circuit Court said in the body of its opinion: "It is argued that letter carriers are not officers of the United States, within the meaning of the statute in question, but are mere employees, not intended to be included in the statute. Letter carriers are appointed by the postmaster general under authority of the acts of congress, practically during good behavior. They are sworn and give bond for the faithful performance of their duties. They are paid from moneys appropriated for the purpose by congress, and their salaries are fixed by law. They have regularly prescribed services to perform, and their duties are continuing and permanent, not occasional or temporary. In U.S. v. Hartwell, 6 Wall, 385, 393, the supreme court declared that `an "office" is a public station or employment conferred by the appointment of government. The term embraces the ideas of tenure, duration emolument, and duties.' In U.S. v. Germaine, 99 U.S. 508; Hall v. Wisconsin, 103 U.S. 5, 8; U.S. v. Perkins, 116 U.S. 483, 6 Sup. Ct. 449; U.S. v. Mouat, 124 U.S. 303, 8 Sup. Ct. 505; U.S. v. Smith,124 U.S. 525, 8 Sup. Ct. 595; and in Auffmordt v. Hedden,137 U.S. 310, 11 Sup. Ct. 103, — U.S. v. Hartwell, supra, is cited with approval. An examination of these cases, all bearing on the question in hand, will show that, in the opinion of the supreme court, where a person is appointed under authority of law by the head of a department, and his duties are continuing and permanent, and his emolument fixed, such person is an officer of the United States; and that, within the constitutional meaning of the term. Letter carriers, therefore, are officers, within the meaning of the above quoted statute, restricting the jurisdiction of the circuit and district courts in regard to suits brought against the United States under the act of 1887." By citing the McCrory, case the State of Kentucky, which had a constitutional provision essentially the same as the above said Section 12, resolved a similar problem with the case of Waddle, et al., v. Hughes,260 Ky. 269,84 S.W.2d 75, by the court holding in the body of its opinion: "If the position of United States mail carrier is an office of trust or profit under the United States, then appellant Neikerk was ineligible to hold or exercise the office of member of the school board. Kentucky Const. Section 237 provides: `No . . . person holding or exercising an office of trust or profit under the United States . . . shall be eligible to hold or exercise any office of trust or profit under this Constitution, or the laws made in pursuance thereof.' " `An officer of the United States is one who holds office by virtue of appointment by the President or by heads of departments authorized to make appointments.' Fekete v. City of East St. Louis, 315 Ill. 58, 145 N.E. 692, 693,40 A.L.R. 650; U.S. v. Mouat, 124 U.S. 303, 8 S.Ct. 505,31 L.Ed. 463; U.S. v. Hartwell, 6 Wall. 385, 18 L.Ed. 830; U.S. v. Germaine, 99 U.S. 508, 25 L.Ed. 482. A mail carrier is a public officer within the meaning of the statute forbidding the holding of two offices at the same time. Groves v. Barden, 169 N.C. 8, 84 S.E. 1042, L.R.A. 1917A, 228, Ann. Cas, 1917D, 316. "In United States v. McCrory (C.C.A.) 91 F. 295, it was held that letter carriers are officers within the meaning of the federal statutes, . . . . "From the foregoing, it is apparent that appellant Neikerk, as letter carrier held an office of trust or profit under the United States within the meaning of the Constitution and statutes, and was therefore ineligible to hold office as member of the school board." The Supreme Court of Arkansas also cited the McCrory case and held in Blackwood et al. v. Welch, 179 Ark. 979;18 S.W.2d 1023, "Where rural free delivery mail carrier, carrying mail on rural route under schedule adopted by Postmaster General of United States, was appointed by Postmaster General, under rules and regulations of Post Office Department, carrier, having fixed and permanent tenure of office, was an officer of the United States, . . . ." It is abundantly clear that a rural mail carrier is an officer of the United States. Since it is fundamental that a member of a school board is an officer of trust it becomes a violation of the Constitution of Oklahoma for one individual to hold both offices at the same time. It is also fundamental that the legislature cannot eliminate a constitutional prohibition by the mere passage of legislation. It is therefore the opinion of the Attorney General that Enrolled House Bill No. 1325 is constitutional except to the extent that it permits United States rural mail carriers to serve on a school board. We have not examined all the possible positions within the postal department to determine if other positions may be considered federal offices. If any position within the postal department is a federal office it would be a violation of the Oklahoma Constitution to permit such an officer to serve also as a school board member. (Dale F. Crowder)