COMMONWEALTH of Kentucky, ex rel.
Ed W. HANCOCK, Attorney General,
Appellant,

v.

Mataline CLARK, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1974.

John M. Lawrence Duerson & Lawrence, Berea, Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellant.

G. Murray Smith, Jr., Richmond, for appellee.

PALMORE, Justice.

This is a proceeding in the nature of quo warranto by the Attorney General to oust the appellee, Mataline Clark, from serving as a member of the Madison County School Board for the reason that she is postmaster of a fourth-class post office and falls within the interdict of Ky.Const. § 237, as follows:

> "No member of Congress, or person holding or exercising an office of trust or profit under the United States, or any of them, or under any foreign power, shall be eligible to hold or exercise any office of trust or profit under this Constitution, or the laws made in pursuance thereof."

The first Constitution of Kentucky (1792) provided that no person "holding any office of profit under the United States" could be a member of the General Assembly.[1] The second (1799) provided that no person "holding or exercising any office of trust or profit under the United States" could be a member of the General Assembly of this Commonwealth "or hold or exercise any office of trust or profit under the same."[2] The same provision

---

1. Art. I, § 24.

2. Art. VI, § 17.

was carried verbatim into the third (1850),[3] and substantially so[4] into § 237 of the present Constitution (1891).

In the early case of Rodman v. Harcourt, 43 Ky. (4 B.Mon.) 224 (1843), under the 1799 Constitution, it was held that there "can be no doubt that a Postmaster, acting as such under the government of the United States, holds an office under that government, which by the above quoted clause of our Constitution, is incompatible with the office of a Justice of the Peace of this Commonwealth," etc.

Again in Johnson v. Sanders, 131 Ky. 537, 115 S.W. 772, 773 (1909), under the present Constitution, the court said "it must be admitted" that by virtue of the provision in question a postmaster could not serve as trustee of a common school district.

Waddle v. Hughes, 260 Ky. 269, 84 S. W.2d 75 (1935), similarly held that a city mail carrier held an office of trust or profit under the United States and therefore was ineligible for membership on a local board of education. That decision was overruled in Lasher v. Commonwealth, Ky., 418 S.W.2d 416 (1967), in which it was pointed out that there must be some reasonable distinction between the type of office meant by the Constitution and other positions of governmental employment, both federal and local.

■ Regardless of what it may be called, whether a position is an office of trust or profit within the intended meaning of Const. § 237 should be determined by what it really is. The position of a postmaster today differs in at least one significant respect from what it was when the earlier cases mentioned above were decided. High or low, in those days it was an office of pure political patronage. Today it is not, and the factors in the equation have been changed. Today too, of course,

the federal establishment of civil service employes in general is a vastly greater segment of the local populace than would have been dreamed when this constitutional inhibition originated or even when it was carried into our present charter 83 years ago. Surely, as we recognized in *Lasher,* it could not have been intended that all of these people would be ineligible to hold local office.

So where is the line to be drawn? Frankly, it has to be on a case-by-case basis, depending on the nature and importance of the office in question.

A fourth-class post office is the lowest classification of post office. According to the evidence, the only real authority possessed by the postmaster of a fourth-class post office that is not held by a rural mail carrier is that the postmaster can cash a money order (as, of course, can a post office clerk). Mrs. Clark draws an annual salary of $4627. Under the current salary schedule of the United States Postal Service[5] she is classified neither as an "officer," "executive," nor "professional employee." Even if she had one or more rural mail carriers under her supervision, which is possible in the case of a fourth-class post office, she still would not be so classified. Her job is simply to perform routine functions in accordance with uniform rules and regulations administered by superiors.

■ It was the decision of the trial court that Mrs. Clark is not an officer within the meaning of Const. § 237. We agree. It is not necessary to overrule any of the earlier cases herein mentioned, because essentially they were decided in the light of different facts.

The judgment is affirmed.

All concur.

---

3. Art. VIII, § 18.

4. This time without specific reference to membership in the General Assembly, since

obviously it would be covered by the term, "office of trust or profit."

5. Postal Service Order No. 72–3.