## Nichols et al. v. Marks et al.

December 17, 1948.

864

Paul Mansfield for appellants.

A. E. Funk, Jr. for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The City of Lexington-Fayette County Board of Health, authorized and directed its Secretary to place Dr. E. M. Thompson, Health Officer, on the payroll as of June 1, 1948, at the increased salary of $708.33 per month.

Appellants, believing this to be violative of Section 246 of the Constitution in that the increase creates a salary in excess of $5,000 per year, brought this action in Fayette Circuit Court seeking a declaration of rights.

Upon consideration, the court below adjudged Dr. E. M. Thompson, as Health Officer of the Lexington-Fayette County Board of Health, to be an employee and not an officer of the Commonwealth, and held Section 246 of the Constitution not to be applicable. From that judgment this appeal is prosecuted.

The sole question to be decided is whether Dr. Thompson, as Health Officer of the City of Lexington-Fayette County Board of Health, is a public officer

or an employee. Appellants contend that he is the former. Appellees insist he is the latter. Both appellants and appellees, as authority for their respective contentions, cite and rely upon the classification and distinction between officers and employees as enunciated in City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092.

The opinion in the Thompson case sets out with unusual clarity the indispensable elements, which must necessarily attach to a position of public employment in order to make it a public office. These are: (1) It must be created by the Constitution or Legislature. (2) It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public. (3) The powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority. (4) The duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office created or authorized by the Legislature, and by it placed under the general control of a superior officer or body. (5) It must have some permanency and continuity, and not be only temporary or occasional.

Let us now turn our attention to the legislative enactments concerning the establishment of health boards, together with the officers, their powers and duties.

KRS 212.640 provides that in any county containing a city of the second class, the fiscal court of the county and the legislative body of the city of the second class may, by joint action, establish a city-county health department.

KRS 212.670 provides that the city-county board of health shall have such powers, duties and privileges as are given by law to county boards and departments of health.

KRS 212.660 provides that the city-county board may appoint a health officer who shall serve for a term of 4 years subject to removal for cause, and may employ such assistant health officers and other employees as are necessary for the work of the department.

KRS 212.680 states that health officers appointed by

the city-county board shall have such powers and duties as are vested by law in health officers of county departments of health.

It will be necessary to keep the above provisions, together with the essential elements as set out in the Thompson case, clearly in mind, refusing to allow any approbation or disapprobation of our own to annex to the thing itself, else our conclusion might be endangered in that it would result from a partial and incomplete view of the whole matter. A careful analysis of the provisions of the sections above will, in a large measure, produce the answer to the question raised herein.

Turning first to KRS 212.260 we find the powers and duties of city-county and department of health officers. Section (1) states that every city health officer shall serve as executive officer and be an ex officio member of the city board of health. Sections (2) and (3) have to do with the duties of county health officers, the former with that of a county that has not formed a county department of health, and (3) of a county that has formed a county department of health. In substance, the county health officer shall devote full time to the duties of his office and shall not practice his profession for compensation. He shall keep the minutes of the proceedings of the county board of health; make chemical and bacteriological examinations of milk and water suspected of being dangerous to public health, and ordered by the county board of health or State Board of Health; be prepared to make examinations of blood, sputum, etc., and other diseases fixed by the county board of health or State Board of Health; keep properly safeguarded a supply of smallpox virus and typhoid vaccine for free distribution; make frequent trips of inspection to all parts of the county to determine and remove all causes of sickness; visit schools of the county and make such inspections as a county board of health or State Board of Health may determine are necessary to protect the public from communicable diseases; and execute the rules and orders of the county board of health, the laws of the state governing disease and the rules and regulations of the State Board of Health.

It is inescapably noticeable and highly significant that in the section of KRS above, prescribing the powers

and duties of a county health officer, everything is to be done under, by the authority and at the direction of the county board of health or the State Board of Health.

The language used in 212.660 cannot go unnoticed either. We note the language therein. "The city-county board of health may appoint a health officer, who shall serve for a term of four years, subject to removal for cause, and may employ such assistant health officers and other employes as are necessary for the work of the department." We call attention to the words "other employes."

Our attention has been called to KRS 203.030, which provides that "the superintendent of any state mental hospital, except those designated for the care of the criminal insane, shall, when requested by a health officer, receive and care for any person who needs immediate care and treatment because of mental derangement. * * * The request for admission shall be based on a personal examination made within three days of the date of the request, and shall be filed at the institution at the time of the patient's reception."

Appellants insist that the above provision delegates to the health officer a sovereign function. We cannot agree with appellants in this contention because KRS 202.030 is directed more particularly to the superintendents of state mental hospitals and directs that they shall receive and care for any person who needs immediate care and attention when requested by a health officer. It would have been just as easy for the Legislature to have said "when requested by a family physician or any examining physician," in which case no one could persuasively argue that the physician would be made an officer by merely having been granted the power to request.

We turn again to the tests as set out in the Thompson case above. There is no dispute but that the position here was created by the Legislature, and that it has permanency and continuity. It must be borne in mind, however, that the presence of some of these essential elements are not necessarily conclusive.

The general rule in determining whether or not a position is a public office or one of public employment

appears to be that a position is a public office when it is created by law, is continuing in nature, and the incumbent, in the fulfillment of his duties, exercises some portion of the sovereign power, in the performance of which the public is concerned; while a public employment is a position which lacks one or more of these elements. See Annotated Cases 140 A. L. R. 1078. Alvey v. Brigham, 286 Ky. 610, 150 S. W. 2d 935, 135 A. L. R. 1024.

An indispensable element of a public office, as distinguished from a mere employment, is that the duties of the incumbent shall involve an exercise of some portion of the sovereign power. The powers and duties of a public officer must not only be derived from legislative authority but must be performed independently and without the control of a superior power.

Other factors such as the fact that the incumbent is called an officer, or that no oath or official bond is required, enter into the quality of the position, and are not controlling in determining the character of the position. The effect of the presence or absence of these was discussed fully in the cases of Lexington v. Thompson and Alvey v. Brigham, above.

While it is impossible to lay down a fixed and determinative rule or adopt an irrevocable standard, the final test must be that of the powers and duties of the office. It was well said in State ex rel. Johnston v. Melton, 192 Wash. 379, 73 P. 2d 1334, 1336, that in deciding whether a particular employment is an office within the meaning of constitutional or statutory provisions, it is necessary that "each case must be determined by a consideration of the particular facts and circumstances involved, and of the intention and subject matter of the enactment * * * the nature of the duties, the particular method by which they are to be performed, the end to be obtained, the depositary of the power conferred."

Turning again to the case of City of Lexington v. Thompson, we note the following language (250 Ky. 96, 61 S. W. 2d 1094): "Thus we see that the invariable and certain characteristics of an office, so as to render its incumbent an officer, is one that must emanate from the sovereignty and involve the performance of some sovereign governmental duties which the incumbent may exercise on his own initiative and not be circumscribed

by directions and orders from some superior source other than those found in the law creating the office.''

Proof was taken below and the evidence clearly shows that the health officer in the instant case is circumscribed by directions and orders from superior sources other than those found in the law creating the office. Applying then the statutes above and the essential elements enunciated above to the factual situation, we are constrained to the conclusion that the court below correctly and properly adjudged the position to be an employment.

Wherefore, the judgment is affirmed.

Chief Justice Sims dissenting.

In reality the same question is involved in this case as was involved in Pardue v. Miller, etc., 306 Ky. 110, 206 S. W. 2d 75, to wit, can one avoid the salary limitation of $5,000 imposed by Section 246 of our Constitution by being classified as an employee rather than as an officer?

It occurs to me that it will not be long before we have a dearth of officers and a plethora of employees serving in this Commonwealth should this Court continue to circumvent Section 246. It may come to pass at no too distant date that this Court will in one bold stroke say all persons rendering public service, except elective officers, are employees.

For the reason given in the dissent in the Pardue case I most respectfully dissent from the majority opinion here.

I am authorized to say that Judge Thomas concurs in this dissent.