## Reynolds v. Board Of Education Of Lexington et al.

June 24, 1949.

Rehearing denied December 8, 1949.

Robert H. Hays for appellant.

Harbison, Kessinger, Lisle & Bush for appellees.

CLAY, COMMISSIONER—Affirming.

The question presented by this declaratory judgment action is whether or not the superintendent, and assistant superintendent in charge of business affairs of the city schools of Lexington, are "public officers" within the meaning of Section 246 of the Kentucky Constitution. The Lexington Board of Education (hereinafter designated "Board") has authorized the payment of salaries to each of these persons in excess of $5,000 per annum, the limit fixed by this section for public officers. We have recently determined that public "employees" are not subject to such salary limitation. See majority opinion in Pardue et al. v. Miller,

Commissioner of Finance, 306 Ky. 110, 206 S. W. 2d 75. The lower Court adjudged the superintendent and assistant superintendent were employees and not officers.

The correctness of this determination is principally dependent upon the powers and duties of those holding the respective positions involved. Nichols et al. v. Marks et al., 308 Ky. 863, 215 S. W. 2d 1000. In that case, 308 Ky. on page 865, 215 S. W. 2d at page 1001, we reaffirmed the five indispensable elements characterizing a public office as laid down in City of Lexington v. Thompson et al., 250 Ky. 96, 61 S. W. 2d 1092:

"(1) It must be created by the Constitution or Legislature. (2) It must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public. (3) The powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority. (4) The duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office created or authorized by the Legislature, and by it placed under the general control of a superior officer or body. (5) It must have some permanency and continuity, and not be only temporary or occasional."

Both positions under consideration have been created by the Legislature, the duties thereof are particularly defined, and they have a continuity and relative permanency. Therefore, the indispensable elements of an office set out as (1), (3) and (5) above exist. Our problem is narrowed to the question of whether or not these positions come within the scope of elements (2) and (4) above. That is, do the incumbents exercise independently a portion of the sovereign power?

We will first consider the functions of the school superintendent. His duties are detailed in KRS 160.370 to 160.390. In KRS 160.370 he is designated the "executive agent," "executive officer" and "professional adviser" of the Board. He is required to see that the general laws; the bylaws; rules and regulations of the State Board of Education; and the regulations and policies of the Board "are carried into effect." Subject to the control of the Board, he has the general supervi-

sion of the conduct of schools, the course of instruction, the management of teachers and the discipline of pupils.

KRS 160.380 provides that all appointments, promotions and transfers of principals, supervisors and teachers shall be made only on his recommendation, subject to the Board's approval. However, if the Board does not agree with the superintendent, it may not override his recommendations but is required to appeal to the State Board.

KRS 160.390 gives the superintendent the right to appoint and remove at pleasure necessary clerks, although the number and salaries are fixed by the Board. He is given general supervision of the schools and is required to prepare or have prepared all budgets, salary schedules, and reports required by the State Board. Finally, "He shall be responsible to the board for the general condition of the schools."

The lower Court was of the opinion that the above powers and duties were not of sufficient significance to constitute the superintendent anything more than an employee of the Board. We think this view overemphasizes the general control of the Board and unduly minimizes the importance of the superintendent's functions in the public school system. By virtue of the statute, his duties require him constantly to exercise initiative in executing the school laws of the state. He must make the day to day decisions to maintain an efficient school system. He is made a responsible executive, and as such is surely delegated a portion of the sovereign power to be exercised for the benefit of the public.

The remaining question is whether or not he is sufficiently independent to take him out of the employee class. The criteria set out above recognizes that the independence of an office is not necessarily impaired by reason of a general control exercised by a superior body. While it is true the superintendent does not have the unfettered authority of the city manager in the above cited case of City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, his duties do require the exercise of an independent initiative. He may select and remove necessary clerks at pleasure. His recommendations with respect to appointments, promotions

and transfers of the school staff are accorded significant weight. He could not function without a substantial degree of autonomous action. His ultimate responsibility to the Board does not detract from his immediate and independent responsibility to the public.

It has been held that the county superintendents of schools, under laws then in effect, were public officers. Board of Education of Boyle County et al. v. McChesney, 235 Ky. 692, 32 S. W. 2d 26; Commonwealth ex rel. Baxter v. Burnett, 237 Ky. 473, 35 S. W. 2d 857. The powers and duties there considered in several respects coincide with those here involved. See also State v. Sinclair, 1918, 103 Kan. 480, 175 P. 41, and notes in 93 A. L. R. 333, and 140 A. L. R. 1076.

We think it plainly evident that the school superintendent is a public officer in the true sense of that term, and his salary is consequently subject to the limitation fixed in Section 246 of the Constitution.

What we have said above relating to the superintendent impels the majority of the Court to the conclusion that the assistant superintendent in charge of business affairs must likewise be held a public officer rather than an employee. Admittedly the latter's functions and duties are closer to the border line, but the same principles apply.

The assistant superintendent is the business director or business manager for the Board. In this particular case he is subject to control of both the Board and the superintendent. He is appointed for a term and may only be removed for a cause. KRS 160.430 details his duties at length. He is required to execute contracts for the Board, and it is his responsibility to see that they are fully and faithfully performed. He oversees the construction and repairs of buildings. He purchases supplies and equipment authorized by the Board, and manages its business affairs. He appoints, and may remove, subject to the Board's approval, engineers and custodial employees necessary for the proper management of school property. These employees are not only under the direction of the assistant superintendent, but he is responsible for their work.

Here again we find a position of vital public im-

portance which carries with it the performance of significant executive duties. It was pointed out in the case of Landis v. Board of Commissioners, 95 Ohio St. 157, 115 N. E. 919, that a decisive characteristic of public office is the *quality* of the duties with which the appointee is invested. The functions of a great number of public officers are subject to control by officers or boards. This fact does not necessarily reduce the holder of a subordinate position to that of an employee. If so, it might be contended that since the Governor is the supreme executive of the Commonwealth, (Section 69, Constitution of Kentucky, there could be no other executive officers.) As the final test is found in the powers and duties of the office, the relative importance of the functions performed must be given weight.

In the opinion of Chief Justice Sims and Judges Thomas, Cammack and Latimer, the powers and duties of the assistant superintendent in charge of business affairs constitute him an officer rather than an employee, and he is therefore subject to the salary limitation set forth in Section 246 of the Constitution. Judges Rees, Knight and Helm take a contrary view of this phase of the case.

For the reasons stated, the judgment is reversed for entry of a judgment consistent herewith.

Judge Cammack concurring.

I concur in the conclusion and the views expressed by the whole Court on the question of whether the City Superintendent of Schools in Lexington is a public officer. Likewise I am in accord with the conclusion and views expressed by the majority of the Court on the question of whether the Assistant Superintendent of Schools, in charge of business affairs in Lexington, is a public officer.

Because of the reliance placed by the appellees on the cases of Pardue v. Miller, 306 Ky. 110, 206 S. W. 2d 75, and Talbott v. Public Service Commission, 291 Ky. 109, 163 S. W. 2d 33, I think I should express my views on those cases.

In the Pardue Case the Court had before it the question of whether Mr. Louis Arthur Pardue, a professor of science at the University of Kentucky, was a

public officer. I think the majority opinion correctly held that. Mr. Pardue's salary was not limited by Section 246 of the Constitution. Chief Justice Sims and Judge Thomas expressed a contrary view.

I did not sit in the Talbott Case because there was involved in that case the question of whether a contract between the Public Service Commission of Kentucky and Mr. Hugh Bearden, for his services as technical consultant, came within the purview of Section 246 of the Constitution. As a member of the Public Service Commission I was a party to a similar contract with Mr. Bearden and also one with Mr. Julius A. Krug, now Secretary of the Interior.

I do not agree with the conclusion reached in the Talbott Case to the effect that Section 246 of the Constitution applies to all State employees as well as to public officers. That is the reason why I voted with the majority of the Court in holding that Mr. Pardue's employment did not come within the scope of Section 246 of the Constitution. Likewise I do not agree with the holding in the Talbott Case that the President of the University of Kentucky and the Presidents of the Teachers Colleges and others holding positions of public trust in those institutions are mere public employees.

The premise in the Talbott Case seems to be that the sovereign power of the State in respect to its institutions of higher learning is vested in the respective boards of control of those institutions. It is true that the Legislature has vested broad powers in those boards, but it has attempted to say also that no member of those boards shall be held to be a public officer by reason of his board membership, and also that a membership on one of those boards shall not be deemed incompatible with any public office. See KS secs. 4527-13 and 4527-41 for the statutes in effect at the time the Talbott Case was decided. See KRS 164.150 and KRS 164.320 for the present statutes. Certainly someone is exercising some phase of the sovereign power of the State in an official capacity in respect to its institutions of higher learning. It will not do for this Court to say that no person connected with those institutions below the level of a board member exercises any of the sovereign power of the State and for the Legislature to say that no board.

member shall be deemed a public officer by virtue of his board membership.

The criteria laid down in the case of City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092, and followed by a majority of the Court in the case of Nichols v. Marks, 308 Ky. 863, 215 S. W. 2d 1000, and in the case at bar, must be applied in determining whether a position of public employment comes within the purview of Section 246 of the Constitution.

Judge Latimer has authorized me to say that he concurs in the views expressed herein.