## Smith v. Hatcher, Secretary of State, et al.

September 23, 1949.

Eli H. Brown, III, Marshall P. Eldred, Brown, Greenebaum & Eldred and Charles I. Dawson, amicus curiae, for appellant.

A. E. Funk, Attorney General, for appellees.

JUDGE HELM—Affirming.

The General Assembly, at the regular session of 1948, by Chapter 172 of the Acts of 1948, proposed that Section 246 of the Constitution be amended so that when amended it should read as follows: "No public officer or employee except the Governor, shall receive as compensation per annum for official services, exclusive of the compensation of legally authorized deputies and assistants which shall be fixed and provided for by law, but inclusive of allowance for living expenses, if any, as may be fixed and provided for by law, any amount in excess of the following sums: Officers whose jurisdiction or duties are co-extensive with the Commonwealth, the mayor of any city of the first class, and Judges and Commissioners of the Court of Appeals, Twelve Thousand Dollars ($12,000); Circuit Judges, Eight Thousand Four Hundred Dollars ($8,400); all other public officers, Seven Thousand Two Hundred Dollars ($7,200). Compensation within the limits of this amendment may be authorized by the General Assembly to be paid, but not retroactively, to public officers in office at the time of its adoption, or who are elected at the election at which this amendment is adopted.

Nothing in this amendment shall permit any officer to receive, for the year 1949, any compensation in excess of the limit in force prior to the adoption of this amendment.''

This proposal was preceded by a title as follows: ''An Act to amend Section 246 of the Constitution of the Commonwealth of Kentucky, prescribing maximum salary limits for all public officers.''

KRS 118.430(2) provides: ''The Attorney-General shall state the substance of the amendment in the form of a question in a manner calculated to inform the electorate of the substance of the amendment, and shall certify the question to the Secretary of State for inclusion upon the ballot. The Secretary of State, not less than fifty days before the next regular election at which members of the General Assembly are to be chosen, shall certify the substance of the amendment, as stated and certified by the Attorney-General, to the county clerk of each county, and the county clerk shall have the substance of the amendment, as so certified, indicated on the ballot as provided in KRS 118.170.''

Pursuant to this provision, appellee A. E. Funk, Attorney General on July 22, 1949, certified to appellee George Glenn Hatcher, Secretary of State, that the question in respect to the proposed amendment to Section 246 should appear on the ballot in the following form:

''Shall Section 246 of the Constitution of Kentucky be so amended as to limit the annual compensation hereafter payable to public officers, other than the Governor, including those now in office, to the following amounts, exclusive of compensation paid to legally authorized deputies and assistants, but inclusive of such allowance for living expenses as may be fixed by law, to-wit:

''Judges and commissioners of the Court of Appeals, state wide officers and mayors of first class

cities ........................................$12,000
''Circuit Judges ............................  8,400
''All other public officers ..................  7,200
''If you favor the above amendment, stamp in
this square                                   ‾‾‾‾
                                              Yes
                                              ‾‾‾‾

"If you are opposed to the above amendment, stamp in this square
_____
No"
_____

Appellant filed a petition for a declaration of rights, praying that appellee Funk be directed to withdraw the above certification and "to so frame and certify the question to appear on the ballot as that it will give effect to the words 'or employee.'" Appellees demurred to the petition. The trial court sustained the demurrer. Appellant having announced that he did not desire to amend his petition, and the parties having agreed that the case might be submitted for final decision, the court made a declaration of rights as follows:

"(1) The words 'or employee,' appearing in the first line of Section 246 of the Constitution as it was proposed by the Legislature to be amended, are meaningless and of no effect whatever;

"(2) In framing the question submitting the amendment in the form to be included on the ballot for use at the November, 1949 election, it was not necessary to give any effect to the words 'or employee' appearing in the amended section as proposed by the General Assembly;

"(3) The form of the question, as certified by the defendant, Funk, as Attorney General, to the defendant, Hatcher, as Secretary of State, for inclusion on the ballot at the November, 1949 election, fairly stated the substance of the amendment so as to inform the electorate of the substance thereof, as required by KRS 118.-430, and the form so certified by the defendant Attorney General is approved;

"(4) It is the duty of the defendant, Hatcher, as Secretary of State, not less than fifty (50) days before November 8, 1949, to certify to the various County Court Clerks of the Commonwealth the question certified to him by the Attorney General, in the exact form so certified, for inclusion on the ballots to be used at the general election on November 8, 1949."

From the judgment dismissing his petition, the appellant prosecutes this appeal.

The proposal, as adopted by the General Assembly,

sets out definite limitations in respect to "public officers." The words "or employee," appearing in the first line of the proposal, do not appear in the title and were not followed through in the proposal so as to fix any limitation whatever on the compensation of any employee, or any class of employees, and, therefore, the phrase has no significance. The trial court was powerless to go further and rewrite the proposal so as to fix any such limitation. The Constitution places that power in the General Assembly, not in the Courts. Likewise, inasmuch as the General Assembly, the only body authorized under our Constitution to propose amendments, definitely stated the limitations it proposed in respect of public officers, the trial court was without power to deny the people the right to vote on those limitations at the coming November election.

The judgment of the Circuit Court is affirmed.