**FUNK et al. v. FIELDER.**

Court of Appeals of Kentucky.

Oct. 23, 1951.

Rehearing Denied Nov. 2, 1951.

A. E. Funk, Atty. Gen., M. B. Holifield, Asst. Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., for appellants.

Breckinridge & Breckinridge, Lexington, Vest & Vest, Walton, for appellee.

STANLEY, Commissioner.

The circuit court, in a representative taxpayer's declaratory judgment suit, held "void and of no effect," an Act of the General Assembly of 1950, Ch. 137, directing the submission to the electorate for adoption or rejection of an amendment to the Constitution which is designed to permit the submission of more than two amendments at one time and to expedite the referendum thereon. If adopted, it will supersede present Section 256.

In the approach to the two questions raised, a general observation seems pertinent.

The Bill of Rights, Sec. 4, declares that for the advancement of the principle of the inherent power of the people to govern themselves, the people "have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may deem proper." To the General Assembly, whose members are the representatives of the people, has been delegated the special, extra-legislative power to initiate changes in the organic law. Hatcher v. Meredith, 295 Ky. 194, 173 S.W.2d 665. It has directed the submission to the people themselves of the opportunity of reforming this phase of government in this manner. Being a political matter, or a question which pertains to the polity of government with which the legislative body is vested, the courts should review the action of the General Assembly with a deep sense of their own constitutional limitations. This has relation not only to the substance but to the form of the submission.

1. The trial court was of opinion that the Act submitting the proposed amendment is void and of no effect because it, in fact, submits two amendments in the form of one, namely, the repeal of one provision and the adoption of another, in contravention of the present Section 256 of the Constitution, the very section proposed to be altered.

The first paragraph of the Act, following the enacting clause, is: "That Section 256 of the Constitution be amended by repealing said section in its entirety and enacting in lieu thereof the following:" But the proposed amendment does not itself recite or indicate in any way that its adoption will repeal any part of the Constitution or

**476**

that it is to be a substitute. The General Assembly, of course, never thought that it could accomplish either repeal or enactment. The statement in the Act is to be construed as intending to inform the members of the legislature and others interested in the Bill as to what the adoption of the proposed amendment would accomplish. It is not a part of the amendment. The pertinent provision of the present Section 256 is that "no *amendment* shall relate to more than one subject." (Emphasis added.) The proposed amendment, copied below, stands alone without reference to the present section it would replace. The predicate of the argument of duality ignores the proposed amendment itself.

It is at least of interest to note that the Seventh Amendment to the Constitution (later published as Section 226a), establishing state-wide prohibition of the manufacture, sale and transportation of intoxicating liquor, and adopted by the people in November, 1919, contained the express provisions: "All sections or parts thereof of the constitution insofar as they may be inconsistent with this section, are hereby repealed and nullified." No question was ever raised that that amendment violated the terms of Section 256, although it would have afforded sounder grounds for the argument made in the instant case. In initiating the submission of the repeal of Sec. 226a, the Act, Ch. 58, Acts of 1934, contained a preamble similar to the present Act, and further set out in full Section 226a as well as the amendment which was to be submitted, which was the former Section 61. This was held in Curry v. Laffoon, 261 Ky. 575, 88 S.W.2d 307, not to offend the provisions of Section 256 limiting an amendment to one subject.

█ It was not necessary that the General Assembly should have stated that the amendment proposed would repeal the present provisions relating to the same subject, but it has been the usual declaration. That is the only effect it could have. Amendments are usually adopted for the express purpose of making changes in some part of the existing system rather than of creating new powers or establishing new limitations. Where there is inconsistency or repugnancy between an adopted amendment and pre-existing provisions, the new must prevail and be deemed to supersede the old because it is the latest expression of the people. Gatton v. Fiscal Court of Daviess County, 169 Ky. 425, 184 S.W. 1. But the fact of repeal and supersession has never been regarded as dealing with plural subjects so as to render the amendment itself unconstitutional. Hatcher v. Meredith, 295 Ky. 194, 173 S.W.2d 665, and cases cited therein.

The trial court, having reached the conclusion stated, did not find it necessary to pass upon the form of the question submitting the proposal, but it is before us.

2. The suit seeks to have the submission of the amendment stopped upon the ground that the form of the question to appear on the ballots, prepared by the Attorney General as prescribed by KRS 118.430, is not stated "in a manner calculated to inform the electorate of the substance of the amendment".

█ The generality of the constitutional provision that the "vote to be taken thereon in such manner as the General Assembly may provide" left it open for the legislature to prescribe the manner, and, in doing so, it enacted KRS 118.430. So, in considering the point of a defective question, it must be remembered that we are dealing with a statute and the claim that the statute was not complied with by the Attorney General, whose duties are therein prescribed. The case is, therefore, different from the cases dealing with constitutional directions such as Section 257 of the Constitution mandatorily requiring that an amendment shall be published by the Secretary of State at least ninety days before the election, of which, McCreary v. Speer, 156 Ky. 783, 162 S.W. 99, is the leading one. Since it is but a statute implementing the machinery of the Constitution in this respect, it should be given a liberal construction in its application. If the question is not misleading or inconsistent and reveals the essential character and purpose of the proposed amendment, it must be deemed to meet the requirements of the Constitution and the statute.

The amendment proposed is as follows, with the numbers and letters inserted by us for convenient comparison with the framed question:

[1] "Amendments to this Constitution may be proposed in either house of the General Assembly at a regular session, or, if stated in the original proclamation as a subject to be considered, at a special session, [a] and if such amendment or amendments shall be agreed to by three-fifths of all the members elected to each house, such proposed amendment or amendments, with the yeas and nays of the members of each house taken thereon, shall be entered in full in their respective journals. Then such proposed amendment or amendments [2] shall be submitted to the voters of the State for their ratification or rejection at the next general election which occurs not less than ninety days from the final passage of such amendment or amendments, [3] the vote to be taken thereon in such manner as the General Assembly may provide. [b] If it shall appear that a majority of the votes cast for and against an amendment at said election was for the amendment, then the same shall become a part of the Constitution of this Commonwealth, and shall be so proclaimed by the Governor and published in such manner as the General Assembly may direct. [4] Said amendments shall be so submitted as to allow a separate vote on each, unless the General Assembly provides for a single vote on two or more amendments. [5] No amendment shall relate to more than one general subject. [c] The approval of the Governor shall not be necessary to any bill, order, resolution or vote of the General Assembly proposing an amendment or amendments to this Constitution."

The question, with corresponding numbers inserted for comparison, is as follows:

"Constitutional Amendment

"Shall Section 256 of the Constitution of Kentucky be amended by repealing said Section in its entirety and re-enacting said Section so when re-enacted, shall provide the following changes:

"[1] Amendments to the Constitution may be proposed in either House of the General Assembly at a regular session or at a special session if contained in the original proclamation of the Governor of the Commonwealth calling a special session and [2] further providing that more than two Constitutional Amendments may be submitted to the voters of this Commonwealth at any regular election which occurs not less than ninety days from the final passage of such Amendment or Amendments. [3] The vote to be taken thereon in such a manner as the General Assembly may provide. [4] Said Amendments shall be so submitted as to allow a separate vote on each, unless, the General Assembly provided for a single vote on two or more Amendments. [5] No Amendment shall relate to more than one general subject.

"If you favor the above amendment, stamp in this square ☐ Yes
"If you are opposed to the above amendment, stamp in this square ☐ No"

The question follows very closely the amendment and covers every part except the procedural provisions, namely, (a) the amendment must be agreed to by three-fifths of all members of the General Assembly with their votes entered on their respective journals; (b) the amendment shall become a part of the Constitution if a majority of the votes be cast in favor of it when it shall be proclaimed by the Governor and published in such manner as the General Assembly may direct; and (c) approval of the Governor shall not be necessary for any submission.

The omitted parts relate to processes to be observed in the initiation and submission of the proposal and the effect of ratification. They are subordinate and of little concern of the electorate. The paramount and essential provisions are embraced in the question. It embraces the chief features, and conveys the scope and import of the amendment. We do not think the omission constitutes a fatal deviation from

478

the substance of the amendment. In Smith v. Hatcher, 311 Ky. 386, 223 S.W.2d 182, it was held that where the question to go on the ballot was properly framed, although it omitted what was deemed to be of technical insignificance, it complied with the statute.

■ The appellee argues that the effect of the first part of the question asking whether the voter favors amending Section 256 of the Constitution by repealing it and re-enacting the section so that it *"shall provide the following changes,"* is not to submit the substance of the amendment but rather the changes to be made by its adoption. This, he argues, does violence to the mandatory provisions of the Constitution. Again, we may point out that it is a statute only that defines the character of the question. Notwithstanding the argument, in his brief and oral argument the appellant filed with us a suggested form in which he would submit the question. It very specifically states in detail the changes by setting forth the present and the proposed provisions of Section 256.

As pointed out, the first paragraph of the Act stating the proposal, which is included in the question, is not part of the proposed amendment. The paramount thing about which the voter should be advised is what will be the new provision, not how does it compare with the present. The statute, KRS 118.420, enacted in the discretion vested in the General Assembly by the Constitution to prescribe the manner in which a proposed amendment shall be submitted, does not require that the changes be pointed out. It has been expressly held in other jurisdictions to be proper to submit the amendment only without reference to what it will abrogate or alter. Gabbert v. Chicago, R. I. & P. Railway Co., 171 Mo. 84, 70 S.W. 891, which is a well considered opinion; 16 C.J.S., Constitutional Law, § 9(3). In Keenan v. Price, 68 Idaho 423, 195 P.2d 662, 675, the court considered the effect of the omission of a similar statement from the question on the ballot and held it to be unimportant. The inclusion as part of the present question was not necessary.

However, it does inform the voters that the effect of ratifying the amendment will be to repeal and re-enact an existing section of the Constitution with changes therein and is, therefore, helpful rather than harmful.

The appellee goes further in his argument and submits there is multiplicity of subjects within the proposed amendment itself. He breaks it up into seven different parts, three of which are omissions which constitute complete repeal of existing parts of Section 256. As originally proposed, Section 256 of the Constitution used the word "proposition" in stating the scope or range of an amendment to be submitted. That was changed by the Convention to "subject" because it is a more comprehensive word and embraces a number of "propositions," or everything which might pertain to a particular matter. Debates, Vol. IV, p. 5250.

■ This is a matter for the General Assembly to determine in the first instance when it proposes the amendment. Keenan v. Price, 68 Idaho 423, 195 P.2d 663, 681, an exhaustive opinion.

■ It is generally held that a single amendment may cover several propositions if they are not distinct or essentially unrelated. The demand of the Constitution that an amendment shall relate to but one subject is met if several propositions in it are congruous and germane to a general object or purpose, and all are legitimately connected or related to one subject; or, as stated in Kerby v. Luhrs, 44 Ariz. 208, 36 P.2d 549, 554, 94 A.L.R. 1502, "if, logically speaking, they should stand or fall as a whole, then there is but one amendment submitted." Hatcher v. Meredith, 295 Ky. 194, 173 S.W.2d 665; Gabbert v. Chicago R. I. & P. Railway Co., 171 Mo. 84, 70 S.W. 891. The present proposed amendment deals with one subject, namely, Amendments to the Constitution.

We are of opinion that the forms of the amendment and the question are proper. The judgment is, therefore, reversed, with directions to enter another consistent with this opinion.