CITY OF NEWPORT, Kentucky, Campbell County, Kentucky, John A. Schmitz, et al., Appellants,

v.

Robert E. SCHINDLER, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Rehearing Denied Feb. 6, 1970.

Lawrence J. Riedinger, Jr., Newport, for appellants.

Charles J. Schear, Newport, for appellee.

OSBORNE, Judge.

This is an action for declaration of rights under KRS 418.040. Appellee is a police officer in the City of Newport. He presently resides within the city limits. He requests this court to determine if he can continue to serve on the police department if he moves his residence from the city. If his position is classified as an "officer" as defined in section 234 of the Constitution it is clear that removal from the city will forfeit his right to hold office. Appellee has served in his present capacity since 1956 and has accrued substantial pension rights which he does not wish to forfeit. The City of Newport is a second-class city. Qualifications for members of the police

and fire departments of second-class cities are set out in KRS 95.440(2) as follows:

"Each member of the police or fire department in cities of the second and third classes shall be a qualified voter in the *county* containing the city of employment, able to read, write and understand the English language, and have such other qualifications as may be prescribed. * * *" (Emphasis added).

■ The specific question posed by this proceeding is: "Does the above statute countervene section 234 of the Constitution of Kentucky?" It provides:

"Officers to reside in their respective districts, counties or towns.—All civil officers for the State at large shall reside within the State, and all district, county, city or town officers shall reside within their respective districts, counties, cities or towns, and shall keep their offices at such places therein as may be required by law."

The trial court held there was no conflict. We are of the opinion there is no conflict. The question of who is and who is not an officer under our Constitution has had a stormy history in this court. No useful purpose could be served by reviewing that history in this opinion. For those who are interested, see City of Louisville v. Wilson, 99 Ky. 598, 36 S.W. 944 (1896); Talbott v. Public Service Commission, 291 Ky. 109, 163 S.W.2d 33 (1942); Pardue v. Miller, 306 Ky. 110, 206 S.W.2d 75 (1947); Reynolds v. Board of Education of Lexington, 311 Ky. 458, 224 S.W.2d 442 (1949); Smith v. Hatcher, 311 Ky. 386, 223 S.W.2d 182 (1949); Board of Education of Graves County v. De Weese, 343 S.W.2d 598 (Ky. 1961).

In the De Weese case we were dealing with the definition of "officer" as that term is used in sections 161, 235 and 246 of the Constitution. There we held the term "officer" as used in these sections was restricted to those officers directly named and designated in the Constitution. The

pertinent part of that opinion reads as follows:

"In the circumstances, a re-examination and reconsideration of the subject are well within the legitimate scope of the judicial process, and we have concluded that the meaning of the word 'officers' as it is used in Const. §§ 161, 235 and 246 should be restricted to the officers directly named and designated in the text of the constitution. To the extent that prior decisions of this court are inconsistent with this conception they shall no longer be authoritative."

If the De Weese case were back before us today it is doubtful whether this court would be any more united than it was at that time upon this question. In fact, the result might be otherwise than what was reached in that opinion. Be all of that as it may, we have now concluded that it is time to put this tortuous conflict to rest once and for all. No useful purpose can be served by carrying it further into the future, all issues must die sooner or later and this one has been with us long enough. We are not prepared today to say from a legal and historical viewpoint that it was concluded either correctly or incorrectly but only that it was concluded. Many people have now invested money, laid out careers and done many other things in reliance upon the law as there stated. For these reasons it should not again be disturbed. Section 234 was not before the court in the De Weese case but the same principles and reasoning apply to it as to the three sections there under consideration.

■ Therefore, the word "officer" as used in this section only applies to those directly named and designated in the Constitution. A policeman in a city of the second class is not such officer. We find no conflict between KRS 95.440(2) and section 234 of the Constitution.

Appellants contend there was no actual controversy between the parties as requir-

ed by KRS 418.040. The trial court found there was a bona fide controversy as required by the Act. Upon the skimpy record before us here we are not prepared to say this finding was erroneous.

The judgment is affirmed.

All concur.