The Honorable Wayne Dowd, Chairman Senate Committee on State Agencies and Governmental Affairs State Capitol Little Rock, Arkansas 72201
The Honorable Frank J. Willems, Chairman House Committee on State Agencies and Governmental Affairs State Capitol Little Rock, Arkansas 72201
Dear Senator Dowd and Representative Willems:
This is in response to your joint request for an opinion on whether Senate Joint Resolution 8, as engrossed 3-4-91 may be amended by House Joint Resolution 1006, as engrossed 3-1-91, and then referred to the people as one amendment.
Senate Joint Resolution 8 (SJR 8) proposes a constitutional amendment to the Arkansas Constitution to eliminate ad valorem taxes on items of household furniture, clothing, appliances, and other personal property used within the home. The amendment would also give the General Assembly the authority to prescribe special procedures for the assessment of motor vehicles.
House Joint Resolution 1006 (HJR 1006) proposes a constitutional amendment to the Arkansas Constitution, which would amend Amendment 30 thereof to eliminate the one mill cap on property taxes for city and county libraries and to authorize city and county library taxes to be pledged to retire capital improvement bonds.
Your question refers to the submission of proposed constitutional amendments to the people by the General Assembly as provided for in Arkansas Constitution Art. 19, § 22. That section provides:
 Either branch of the General Assembly at a regular session thereof may propose amendments to this Constitution, and, if the same be agreed to by a majority of all members elected to each house, such proposed amendments shall be entered on the journals with the yeas and nays, and published in at least one newspaper in each county, where a newspaper is published, for six months immediately preceding the next general election for Senators and Representatives, at which time the same shall be submitted to the electors of the State for approval or rejection; and if a majority of the electors voting at such election adopt such amendments the same shall become a part of this Constitution, but no more than three amendments shall be proposed or submitted at the same time. They shall be submitted as to enable the electors to vote on each amendment separately. [Emphasis added.]
Two requirements are contained in the emphasized language above. First, no more than three constitutional amendments can be proposed by the General Assembly at the same time. Second, the amendments must be submitted so as to enable the electors to vote on each amendment separately.
The first requirement is only applicable if there is a question of more than three amendments being submitted. If the combined SJR 8 and HJR 1006 were submitted in addition to two other amendments, the question is whether the combination of these two joint resolutions would contravene this limit. We have found no Arkansas cases interpreting this precise issue, or for that matter any helpful cases from the courts of other states. Cf.State ex rel. City of Little Rock v. Donaghey, 106 Ark. 56,152 S.W. 746 (1912) and Grant v. Hardage, 106 Ark. 506,153 S.W. 826 (1913). It has been stated, however, that "[p]rovisions of a constitution regulating its own amendment, otherwise than by a convention, are not merely directory, but are mandatory. . . ." 16 C.J.S. Constitutional Law § 6(b) at 38. See alsoAndrews v. Governor of Maryland, 294 Md. 285, 449
A.2d 1144 (1982) (stating that provisions of a constitution regulating its own amendment, otherwise than by convention, are not merely directory, but are mandatory; and a strict observance of every substantial requirement is essential to the validity of the proposed amendment).
The language of our constitution provides that "no more than three amendments shall be proposed or submitted at the same time." The issue is whether the combination of SJR 8 and HJR 1006 constitute one amendment or really two. It has been stated in this regard that:
 Generally, no proposed amendment should contain more than one subject and matters properly connected therewith. . . . Where two or more unrelated propositions are submitted as one amendment, the proposed amendment violates the rule forbidding amendments to relate to more than one subject,[1] but, generally, a single constitutional amendment may cover several propositions if they are not distinct or essentially unrelated, and if each provision of a proposed amendment is an integral part of a general plan, the amendment is not plural.
 The test is whether all of the parts of the amendment are germane to the accomplishment of a single objective and all are legitimately connected or related to one subject.
16 C.J.S. Constitutional Law § 6 at 40.
With these principles in mind, it is my opinion that the two Joint Resolutions, although both relate in some fashion to taxation, are not an integral part of a general plan, or germane to the accomplishment of a single objective. SJR 8 proposes to add a new amendment to the constitution. HJR 1006 proposes to amend an existing part of the constitution. The former eliminates certain property from taxation. The latter raises the limit on another kind of taxation. In my opinion, the two resolutions are not germane to one objective, and thus, in all likelihood, would be held by a court to constitute two separate amendments. This is especially true in light of the mandatory nature of these provisions and under a strict construction thereof. A court could well interpret this combination as an attempt to evade the constitutional limit.
The second relevant requirement of our constitution governing the submission of constitutional amendments by the General Assembly requires that the proposed amendments be submitted so that the electors can cast their vote on each amendment separately. Arkansas Constitution Art. 19, § 22 and Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976). The rationale for this provision has been discussed in many cases from other jurisdictions. It is often said that the purpose of such a provision is to prevent "logrolling". "Logrolling occurs when two or more propositions essentially dissimilar in subject matter are submitted to the electorate in one amendment so that the voter may cast one expression of his vote answer on the measure as a whole. The voter is thus bound in order to secure the enactment of the provision he favors, to vote for others of which he may disapprove." Andrews v. Governor, Id at 292. See also,City of Coral Gables v. Gray, 154 Fla. 881, 19 So.2d 318 (1944) and Moore v. Brown, 350 Mo. 256, 165 S.W.2d 657 (1942). It has been stated under such provisions that matters not in common, or having no reasonable connection with each other, may not be consolidated. It is only when, in the light of common sense, several propositions are submitted as one and have to do with different subjects which are so essentially unrelated that their association is purely artificial, that they are not one within the constitutional mandate. City of Coral Gables, Id. at 320.
If the two joint resolutions are combined as one amendment, an argument can be made that this deprives the voter of the right to vote on these two issues separately. The Arkansas Supreme Court in Brockelhurst v. State, 195 Ark. 67, 111 S.W.2d 527 (1937), was faced with a challenge based upon this provision. The court held that an amendment, which: (1) provided that crimes could be prosecuted either by indictment by a grand jury or by information filed by the prosecuting attorney; and (2) gave the General Assembly the authority to set the salaries of prosecuting attorneys, did not violate the rule that voters are to be allowed to vote separately on each amendment. The court held that because both sections related to the prosecuting attorney, there was no conflict with Art. 19, § 22.
In my opinion, the question presented here is distinct from the issue in Brockelhurst. In that case, both sections related to the authority and duties of prosecuting attorneys. The two sections were not unrelated, and could be said to be necessary to accomplish the same objective; i.e., to outline the authority and compensation of prosecuting attorneys.
In the question presented here, however, the two provisions are, in my opinion, unrelated, and do not operate to achieve the same general objective. Additionally, the voter might be torn between the desire to vote for one section which he supports, and the desire to defeat the other. This conclusion appears to be in line with the decisions of other states interpreting similar constitutional provisions. See e.g., In Re Petition No.314, 625 P.2d 595 (Okla. 1981) (constitutional restrictions on advertising, franchising and retailing alcoholic beverages combined in one amendment constituted "logrolling"); City ofCoral Gables v. Gray, supra, (amendment applying to two counties and providing for reorganization of county officers and regulating tax matters was unrelated and struck down as voters might wish to vote for one provision and not the other); andKerby v. Luhrs, 44 Ariz. 208, 36 P.2d 549 (1934) (one amendment proposing to change taxes on copper mines, taxes on public utilities, and establishing a constitutional commission on taxes struck down). See contra, Carroll v. Firestone,497 So.2d 1204 (Fla. 1986) (lottery amendment which both names a revenue source and tentative recipient of the revenue is not unrelated);Andrews v. Governor, supra, (reorganization of Baltimore court system and provision for removal from courts not unrelated); City of El Dorado Springs v. Holman, 363 S.W.2d 552
(Mo. 1962) (amendment which provided for both the issuance of general obligation bonds and revenue bonds for capital improvements not unrelated); and Funk v. Fielder,243 S.W.2d 474 (Ky. 1951) (proposed amendment to allow more proposed amendments to be submitted was not unrelated in that it both repealed old provision and adopted new one).
It is thus my opinion, based upon a review of these cases, that a court, if faced with the question, could well hold that the combination of these two joint resolutions would deprive the voters of their right to vote on amendments separately.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] There is no express provision in Arkansas which limits constitutional amendments to one subject. The requirements of Art. 19, § 22 discussed in this opinion, however, may operate to forestall the inclusion of unrelated subjects in one amendment.