## Jefferson County v. Cole, et al.

(Decided June 24, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Statutes—Title of Act Respecting Stenographic Reporters Held Not to Violate Constitution.—Title to "An act to repeal and reenact Statutes, section. 4642, . . . relating to and fixing the compensation of official stenographic reporters," held not to violate Constitution, section 51.

2. Statutes—Title Sufficient if it Purports to Repeal or Amend Particular Section of Statutes.—Title of an act is sufficient under Constitution, section 51, if it purports to repeal or amend a particular section of the statutes.

3. Statutes—Statute Concerning Pay of Official Stenographic Reporters Held Not Special Legislation.—An act repealing and re-enacting Ky. Stats., section 4642, relating to compensation of official stenographic reporters in the courts, does not violate Constitution, section 59, subsections 1, 18, 29, forbidding local or special acts.

4. Statutes—"Special Legislation" Defined.—"Special legislation" is such as relates either to particular persons, places, or things, or to persons, places, or things which, though not particularized, are separated by any method of selection from the whole class to which the law might, but for such legislation, be applied.

5. Statutes—"Local Law" Defined.—A "local" law is one whose operation is confined within territorial limits, other than those of the whole state or any properly constituted class or locality therein.

6. Statutes—Constitution Does Not Forbid Classification Based on Natural and Reasonable Distinction.—Constitution, section 59, subsecs. 1, 18, 29, do not forbid classification by Legislature that is based on natural and reasonable distinctions.

7. Constitutional Law—Presumption in Favor of Validity of Statute.—Presumption is in favor of validity of a statute.

8. Officers—Constitutional Provisions Against Change in Salaries do Not Apply to Official Stenographic Reporters.—Statute repealing and re-enacting Ky. Stats., section 4642, and increasing salaries of certain official stenographic reporters, is not violative of Constitution, sections 161, 235, relating to changes of compensation of officers during terms, since such provisions do not apply to officers who are removable at pleasure of appointing power, in view of Ky. Stats., section 4637.

J. MATT CHILTON and W. F. CLARKE, JR., for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Jefferson county brought this suit under the declaratory judgment law against Edith M. Cole and others, the stenographic reporters in the common law divisions of the Jefferson circuit court, to test the constitutionality of an act relating to the compensation of such reporters and passed by the legislature at its last session. Being of the opinion that the act was valid, the circuit court sustained a demurrer to and dismissed the petition. Jefferson county appeals.

The title of the act is as follows:

"AN ACT to repeal and re-enact section four thousand six hundred and forty two, Kentucky Statutes, Carroll's edition, one thousand nine hundred and twenty-two, relating to and fixing the compensation of official stenographic reporters in the courts of this Commonwealth."

In the body of the act section 4642 is repealed, and a new section enacted in lieu thereof. Under the section repealed all the reporters of the common pleas and chancery branches of courts in counties having a population of 150,000 or more were paid $1,800.00 a year, but were required to account to the fiscal court for the fees received by them until such fees amounted to $1,800.00, if they collected that much. Under the new act the compensation of the chancery reporters remains unchanged, while the common law reporters are allowed to receive a salary of $1,800.00 a year, without being required to account for any fees they may earn.

The first objection to the act is that its title violates section 51 of the Constitution, which is as follows:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

It is the settled rule in this state that the title of an act is sufficient if it purports to repeal or amend a particular section of the Kentucky Statutes, the reason being that the members of the general assembly may at once examine the section affected and determine the nature and extent of the proposed change in the law. Board of Penitentiary Commissioners v. Spencer, et al., 159 Ky. 255, 166 S. W. 1017. Nor did the addition of the words, "relating to and fixing the compensation of the official stenographic reporters in the courts of this Commonwealth" render the title defective. These words do not restrict the application of the title. They are general in character and broad enough to include the stenographic reporters in all the courts of the Commonwealth, and therefore sufficient to give notice that the reporters in courts of counties having a population of

150,000 or more may be affected by the act. It is also clear that the act relates to only one subject, which is expressed in the title, and that all its provisions are germane to the title.

Another objection to the act is that it violates subsections 1, 18 and 29 of section 59 of the Constitution, which forbid the general assembly from passing any local or special acts to regulate the jurisdiction, or the practice, or the circuits of the courts of justice, or the rights, powers, duties or compensation of the officers thereof, or to create, increase or decrease fees, percentages or allowances to public officers, or to extend the time for the collection thereof, or to authorize officers to appoint deputies, and provide that in all cases where a general law can be made applicable, no special law shall be enacted. It must not be overlooked that special legislation is such as relates either to particular persons, places or things, or to persons, places or things, which though not particularized, are separated by any method of selection from the whole class to which the law might, but for such legislation, be applied, while a local law is one whose operation is confined within territorial limits, other than those of the whole state or any properly constituted class or locality therein. King v. Commonwealth, 194 Ky. 143, 238 S. W. 373. Hence laws which apply to and operate uniformly upon all members of any class of persons, places or things, requiring legislation peculiar to themselves in the matters covered by the laws in question are general and not special or local. In other words, the foregoing provisions of the Constitution do not forbid classification that is based on natural and reasonable distinctions. Though this principle is conceded, it is insisted that the placing of the common pleas reporters in a class different from that of the chancery reporters is not justified by any difference in their situation or the character of work they perform. Of course, the presumption is in favor of the validity of the act, and unless it is apparent that the classification is arbitrary, the act should be upheld. When a chancery reporter is called for the purpose of taking depositions, he takes down the evidence in shorthand, writes out his notes and is paid for his services. He is not required to be in daily attendance upon the court, but may employ his time as he pleases when not engaged in taking depositions. On the other hand, the common pleas reporter must be in constant attendance upon the court. The tes-

timony is not written out unless an appeal is taken and a transcript ordered, and only in the latter event does he receive anything for his day's work except the nominal per diem fixed by the statute. Moreover, the number of common law cases appealed is very small in comparison with the number tried. Looking at the act in the light of these differences, not only in the character of the work, but in the amount of compensation that may be earned, we are not prepared to say that they do not afford a reasonable basis for placing the common pleas reporters in a class by themselves so as to prevent the inequality that resulted from the practical operation of the former statute.

The same rule applies to the reporter of the criminal court whose compensation was fixed at $3,000.00 a year. His situation differs not only from that of the chancery reporter, but also from the common pleas reporter. He attends court every day. As the Commonwealth cannot make out its case by depositions, and the circumstances under which the defendant may take depositions are very few, it results that practically all the testimony is oral. He receives no fees for a transcript of the testimony unless there is an appeal. Even in cases of conviction the percentage of appeals is not large, and if the defendant happens to be a pauper criminal, the reporter of the criminal court may be required by the presiding judge to furnish the transcript without payment of any fees. In cases of acquittal an appeal does not ordinarily lie except for the purpose of certifying the law. It is therefore apparent that the situation of the reporter of the criminal court with respect to the character of his duties and his opportunity for compensation is essentially different from that of the chancery reporter as well as the common pleas reporter, and there is no constitutional objection to the legislature's placing him in a class by himself. Stone v. Wilson, 39 S. W. 49; Winston, Com'r, v. Stone, Auditor, 102 Ky. 423, 43 S. W. 397.

Finally it is insisted that the increase in the salaries of the reporters is violative of sections 161 and 235 of the Constitution providing that the compensation of officers shall not be changed during their terms. In reply to this contention, it is sufficient to say that we have uniformly held that the constitutional provisions in question do not apply to officers like official stenographic reporters in courts of continuous session, who are remov-

able at the pleasure of the appointing power. Section 4637, Kentucky Statutes; City of Lexington v. Renick, 105 Ky. 779, 50 S. W. 1106; Commonwealth v. Ewald Iron Co., 153 Ky. 116, 154 S. W. 931.

Judgment affirmed.