## Asher v. Pursifull.

April 27, 1943.

Cleon K. Calvert for appellant.

Logan E. Patterson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

Pursuant to sections 136d-1 and 136d-2 of the Kentucky Statutes Supp. 1939, the appellee was appointed stenographer to the county attorney of Bell County in January, 1942. Her salary was fixed by the fiscal court at $1,200 per year, the maximum then permissible. After the amendment of these sections by the General Assembly of 1942 (the sections as amended now appearing as KRS 69.340) the fiscal court increased the salary to $1,500 per year. The appellant refused to pay the increased salary and this action was filed by the appellee to compel payment. From a judgment granting the injunctive relief sought this appeal is prosecuted.

The statutes referred to confer discretion on the fiscal court as to the creation of the office of stenographer to the county attorney and as to the salary (within specified limits), but the appointment is made by the county attorney. In the original act and in the act as amended appears this provision: "Said stenographer or clerk shall be appointed by the county attorney for a term of four years but may be removed at any time by the said county attorney." Thus, though the limit of the term of office is four years, the appointment is not for a fixed term since the appointee is removable at the pleasure of the county attorney. This being true, sections 161 and 235 of the Constitution providing that the compensation of officers shall not be changed during their terms have no application. City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106; Commonwealth v. Ewald Iron Co., 153 Ky. 116, 154 S. W. 931; Stewart v. Kidd, 262 Ky. 90, 89 S. W. (2d) 861; Buechele v. Petty, 265 Ky. 321, 96 S. W. (2d) 1010; Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114.

It is contended by the appellant, however, that although the stenographer may be removed and another appointed by the county attorney, the same office exists and it is for a fixed term of four years. With this we do not agree. The "term of four years" mentioned in the statute was intended merely as a limit beyond which the appointment could not extend, a restriction on the appointing power of the county attorney, and was not a fixing of the term of office. The appointee being removable at the pleasure of the appointing power, there is no fixed term.

In Jefferson County v. Cole, supra, was presented a situation identical in legal effect with the one before us. Section 4637 of the Kentucky Statutes authorized the appointment of an official stenographic reporter "for a period of four years, or until his successor is appointed and qualified, unless sooner removed at the pleasure of the judge." It was held that a statute increasing the salary of a reporter then in office was not violative of sections 161 and 235 of the Constitution since the provisions of those sections do not apply to officers who are removable at the pleasure of the appointing power. We regard that case as conclusive of the question before us.

Affirmed.