**LOVE et al. v. DUNCAN, County Atty. et al.**

·Court of Appeals of Kentucky.

March 27, 1953.

Samuel Steinfeld and Steinfeld & Steinfeld, Louisville, for appellants.

Lawrence G. Duncan and Arthur C. Coaplen, Louisville, for appellees.

CAMMACK, Justice.

The principal questions involved on this appeal and cross appeal are whether the official stenographic reporters of the various branches of the Jefferson Circuit Court are public officers, and in the event they are deemed to be public officers, whether they hold office for a fixed term of four years. There are involved also the questions of whether the reporters may charge the county certain fees in addition to the salaries paid them by the county, and, in the event they are held to be term officers, when the terms of the officers began.

Judge Will H. Fulton, as Special Judge, tried the cases. In a well considered opin-

ion, which will be incorporated hereinafter, Judge Fulton concluded that the reporters are public officers; that they are four year term officers; that they are entitled to the fees in question; that the reporters became term officers October 1, 1942, when the Kentucky Revised Statutes became effective. Since we concur in the conclusions reached by Judge Fulton, and agree with the reasoning set forth in his opinion, we are adopting it as our own.

It may be said in passing that the question as to when the terms of the court reporters began after the adoption of the Kentucky Revised Statutes presents a rather novel situation. Prior to October 1, 1942, the reporters were public officers subject to removal at any time by the circuit judges. No action was taken by the judges relative to the court reporters in office on October 1, 1942, and it was Judge Fulton's conclusion that the reporters then holding office began four year terms on that date. This part of his opinion has not been questioned. His solution presents a practical one, and provides for reporters other than those holding offices which have been created within recent years to hold under concurrent terms. Furthermore, it will permit that group of reporters to be eligible for increased compensation when the terms which they are now holding end on October 1, 1954. There is basis for the contention that the reporters in office on October 1, 1942, at the time the Kentucky Revised Statutes became operative, held over as de facto officers. We believe, however, that Judge Fulton's solution of this problem, which seems to be not under attack by any of the parties at this late date, furnishes a practical solution to a difficult problem. For these reasons we have decided to approve Judge Fulton's solution of this particular problem in the interest of its practical administration.

Judge Fulton's opinion follows:

"Pursuant to KRS 28.440 recommendations were made to the Fiscal Court of Jefferson County on May 16, 1952 for increases in the salaries of the official stenographic reporters of the various branches of the Jefferson Circuit Court who had been appointed on various dates between January 1st and May 26th, 1952.

"On August 1, 1952 the Fiscal Court entered an order increasing the salaries, the increase to be effective as of July 1, 1952, though the increases were not as great as those recommended. The salaries the reporters had been receiving up to July 1, 1952 were the same as those paid to their predecessors.

"The County Treasurer refused to pay these increases in salaries and this action was filed by the County Attorney against the official reporters seeking a declaration of rights with reference thereto and with reference to the statutory fees for reporters.

"The County Attorney contends that the reporters are officers appointed for a fixed term of four years; that their salaries were fixed prior to the attempted increase of July 1, 1952 and, therefore, that the attempted increase is void as being in violation of Sections 161 and 235 of the Constitution which forbid the changing of salaries of public officers during their terms of office.

"Sections 161 and 235 do not apply to officers who hold at the pleasure of the appointing power, Jefferson County v. Cole, [204 Ky. 27], 263 S.W. 1114, and it is the contention of the defendant reporters that they are not officers because their duties are purely ministerial and that, even if they are officers, they are removable at the pleasure of the judge, and, therefore, are not within the purview of these constitutional provisions. It is further contended that their salaries were not fixed prior to the order of the Fiscal Court of August 1, 1952 fixing the salaries as of July 1, 1952 and, consequently, that the increase was validly made.

"A further question is whether the reporters may charge the increased fees fixed by the 1952 amendment to KRS 28.440, effective June 19, 1952.

"A minor and subordinate question in this respect is whether the reporters may charge the County fees in addition to the salaries paid by the County.

"We consider first the question whether official reporters are officers and,

if so, whether they are appointed for a fixed term.

"In Taylor v. Commonwealth [305 Ky. 75], 202 S.W.2d 992, the Court laid down the principles by which to determine the status of one as an officer or employe, and these principles were reaffirmed in Nichols v. Marks [308 Ky. 863], 215 S.W.2d 1000, as follows:

" '(1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity; and not be only temporary or occasional.'

"The principal argument advanced to support the contention that official reporters are not officers is that they are not vested with the exercise of any sovereign power, but are merely ministerial officers. However, a consideration of the powers conferred on official reporters reveals that the contrary is true. By KRS 28.500 they are authorized to take depositions in any county of the state, issue subpoenas for witnesses, compel the attendance of witnesses and administer oaths in the same manner as is provided by law for notaries public—and, in passing, it may be noted that notaries public are universally regarded as officers. Further, by Section 537 of the Civil Code [of Practice] they are authorized to issue a warrant of arrest for a witness who fails to attend the taking of a deposition in obedience to a subpoena and, by Section 535 of the Code [of Practice], they may punish for contempt. We regard some of the powers referred to as sovereign powers of the highest order.

"A further argument is that the reporters do not perform their duties independently and without control of the judge, but this is true only to a very limited extent. In taking depositions, for instance, a reporter may issue subpoenas and warrants of arrest without control or direction of the judge, the only limitation in this regard being that the court has the power to vacate or modify any punishment for contempt (Code [of Practice], Section 538).

"It is suggested that the sovereign powers referred to are exercised by the reporters only in the taking of depositions and not as a part of their duties as stenographic court reporters strictly speaking, for which the County pays the reporters salaries, but be this as it may, the reporter by virtue of his office as such exercises these powers and it seems immaterial that the County pays no salary therefor.

"It seems clear that official reporters are officers within the principles enunciated in the cases referred to and quoted above. It seems equally clear that official reporters are not removable at the pleasure of the judge, but hold office for a fixed term of four years.

"Prior to October 1, 1942, the date the revision of the Kentucky Statutes became effective, Section 4637 of the Kentucky Statutes authorized the appointment of an official reporter and provided that he should 'hold office for a period of four years, or until his successor is appointed and qualified, unless sooner removed at the pleasure of the judge of said court or division, or for other cause shown as hereinafter provided.' The cause 'hereinafter provided' was that contained in Section 4645 of the Kentucky Statutes, which was incompetency or failure to perform the duties of the office. That section authorized removal on a 'showing of good cause therefor by competent evidence.'

"In the revision of the Statutes, however, the words 'unless sooner removed at the pleasure of the judge of said court or division' contained in Kentucky Statutes, Section 4637, were omitted and that section

502

was revised as KRS 28.410. Doubtless, this was unintentional on the part of the statutory revisors, since it seems obvious that it is advisable that a reporter should hold office at the pleasure of the judge and since KRS 28.510, of the same Chapter, authorizing the appointment of a police court reporter in first class cities retains the provision that the judge may remove the reporter at pleasure. However, the adoption of the statutory revision of 1942 was an enactment of each and every section thereof as the law by the General Assembly and not the mere enactment of a compilation, Fidelity & Columbia Trust Company v. Meek, [294 Ky. 122], 171 S.W.2d 41. Even if this were open to question, KRS 28.410 was amended in a material particular in 1950, but the provision that the reporter could be removed only for cause was retained, thus making clear the legislative intent in this particular.

"Nor do we think the fact that KRS 28.410 provides that the reporter 'shall hold office for a period of four years, or until his successor is appointed and qualified,' tends to evidence legislative intent that he should be removed at the pleasure of the judge any more than if the word 'and' had been used in the quoted language in the place of the word 'or.' The ultimate effect of such a provision, regardless of which word was used, is that the incumbent remains in office until his successor qualifies.

"Numerous cases from foreign jurisdictions are cited, holding that a court has inherent power to remove certain subordinate officials but in none of these cases was the official appointed pursuant to a statute which permitted his removal only for cause. In the absence of such limiting language in KRS 28.410 the Court would be inclined to the opinion that a reporter could be removed at the pleasure of the judge, since it is generally held that the power of removal is an incident to the power of appointment in the absence of express statutory provision to the contrary, but the statute in question expressly provides that removal shall be for cause only.

"The conclusion appears to be inescapable that the defendants are officers rather than employes; that they are appointed for a fixed term of four years and are removable only for cause as provided in KRS 28.490. And, since this is true, the salary raises made by the Fiscal Court effective July 1, 1952 are not available to the defendant reporters if their salaries had been fixed prior thereto.

"It is well settled that if the Fiscal Court does not fix the salary of an officer before his election or appointment, it may do so afterwards. Grayson County v. Rogers, Ky., 122 S.W. 866; Hurt v. Morgan County [166 Ky. 364], 179 S.W. 255. [But see KRS 64.370, section 32 of Chapter 123, Acts of 1950.]

"No order expressly fixing the salaries of official reporters has ever been made by the Fiscal Court of Jefferson County, as the record shows, but orders have regularly been made appropriating the money for and directing the payment of such salaries. KRS 28.440, which became effective upon the adoption of the revised statutes, effective October 1, 1942, provided that the reporters should continue to receive the salaries 'now fixed by law' or 'now provided by law,' meaning, of course, the salaries received by reporters then in office pursuant to Kentucky Statutes, Sections 4637 and 4642 and removable at the pleasure of the judge.

"Orders of the Fiscal Court were made in the year 1952 prior to July 1st appropriating the money for and directing the payment of the salaries of the defendants in accordance with the salary scale of their predecessors in effect prior to their appointment. Such orders were made monthly in the case of each of the defendants subsequent to his appointment.

"These appropriations of salary and payment thereof to the defendant reporters operated as a fixing or establishment of their salaries for the fixed term for which they were appointed, and, consequently, prevented any change of salary during that term. In Roberts v. Walker [227 Ky. 591], 13 S.W.2d 761, the Court said:

"'If there is no order fixing the salary of a county officer, and the Fiscal Court makes an allowance for the first

year, it is bound to make the same allowance for each year of the term. It happens that the first appropriation after his election for the salary of an officer, when it has not been fixed by a previous order, operates as an establishment of the salary for that term, which may not be changed.'

"This was obiter dictum, since that question was not actually before the Court, but the question was before the Court and so decided in Butler County v. James, 116 Ky. 575, 76 S.W. 402.

"The reason underlying this rule is apparent. Were this not the rule, no salary for reporters has ever been fixed by the Fiscal Court of Jefferson County.

■ "It may here be noted that Sections 161 and 235 of the Constitution forbidding the change of salary of an officer during his term are applicable to officers paid by fees as well as to those paid by salary and are also applicable to officers compensated by both salary and fees. Robinson v. Elliott County Fiscal Court [236 Ky. 63], 32 S.W. 2d 554. Here the reporter's fees were fixed by statute, (KRS 28.440) when they were appointed at not more than $5 per day for taking stenographic reports and fifteen cents per hundred words for transcripts. It is, therefore, clear that the 1952 amendment to KRS 28.440, effective June 19, 1952, which increased these fees is not applicable to or available to the defendant reporters.

■ "There is no ambiguity or uncertainty in the statute (KRS 28.440) as to the right of the defendant reporters to charge the County or County Agencies fees in addition to their salaries. Sub-section (1) of that Section provides expressly that the reporter in the criminal branch of the court shall receive no other compensation than his salary from the County or State for his services as reporter and fixes his fee at fifteen cents per hundred words for making a transcript for a person other than the County or State. Sub-section (2) dealing with the compensation of reporters in civil cases contains no such provision and it is, therefore, evident that it was the legislative intention that the County and State should pay the same fees as other litigants to reporters in civil cases.

"In view of the conclusion that the defendants are officers appointed for a fixed term of four years, and are, therefore, not entitled to have their salaries or fees increased during their term of office, it becomes advisable to determine when their term of office begins and ends.

"No time is fixed by the Constitution for all officers to take office—it is only the terms of certain named officers that begin on the first Monday in January. By virtue of KRS 61.030 officers, such as official reporters, who are not constitutional officers and who are not required by KRS 61.020 to be commissioned by the Governor, enter upon the discharge of their duties at the time prescribed by the Statute creating their office.

■ "KRS 28.410, which for the first time made official reporters officers for a fixed term of four years, became effective on October 1, 1942, and prescribed no time for such terms to begin. When the Statute became effective on October 1, 1942, the reporters in office pursuant to Kentucky Statutes 4637 continued as such under the new law and held until the appointment of successors. Since no time was specified for the four year term of official reporters to begin, it necessarily began on October 1, 1942, and lasted four years. Another four year term began on October 1, 1946 and another on October 1, 1950, and these offices in the Jefferson Circuit Court have been continually occupied. Accordingly the appointment of defendants in the early part of 1952 could only be for the unexpired term which began on October 1, 1950, and ends on October 1, 1954. Under this view the reporters' salaries have not only been paid on a monthly basis since the early part of 1952, but have been paid continuously since October 1, 1950, and this clearly amounts to a fixing of the salaries.

"It seems that orders appointing some of the defendants specified no term during which they should hold or, in some instances, provided that the appointee was to hold the office for a specified time. This seems immaterial because, since the office is

504

for a fixed term, the appointee holds from the date of appointment until the end of the term regardless of any attempted limitation.

"It is the conclusion of the Court that neither the increase in salary nor the increase in fees provided by the 1952 amendment to KRS 28.440 is available to the defendant reporters of the Jefferson Circuit Court now holding these offices, but are available to the incumbents for the term beginning October 1, 1954."

Judgment affirmed.