**L. R. CURTIS, Judge, Appellant,**

**v.**

**Bertram VAN ARSDALE, County Judge, et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1955.

A. Scott Hamilton, Louisville, for appellant.

Charles W. Dobbins, Louisville, Jo M. Ferguson, Asst. Atty. Gen., for appellees.

CULLEN, Commissioner.

L. R. Curtis, Judge of the Jefferson Circuit Court, Criminal Branch, Second Division, as plaintiff, and the Fiscal Court of Jefferson County and the Commissioner of Finance of Kentucky, as defendants, joined in the submission of an agreed case, under KRS 418.020, raising questions concerning the payment of compensation for making stenographic transcripts of evidence in criminal cases, for the purposes of appeal, where the defendant has been permitted to appeal in forma pauperis.

The agreed statement of facts recites that the regular reporter for the Criminal Branch, Second Division, of the Jefferson Circuit Court has resigned because of his

unwillingness to make transcripts without compensation in pauper cases; that the judge has been unable to appoint a successor because no other qualified reporter is willing to accept the office in the face of the liability to make transcripts without compensation for paupers; that the judge proposes to appoint a special reporter for pauper cases, if a means of compensating the special reporter for his services can be arranged, or, in the alternative, to appoint a regular reporter under an agreement to pay additional compensation and expenses for temporary periods of extraordinary services; that the fiscal court believes it has no authority to pay compensation under either of the alternative proposals; that the Governor is willing to pay compensation out of his Emergency Fund under either of the proposals, but the Commissioner of Finance denies authority of the Governor so to do.

In response to five specific questions submitted, the trial court declared:

1. Where the regular reporter resigns or cannot act and a special reporter is appointed under KRS 28.480, the special reporter is not entitled to any compensation, other than the right of future recovery granted by KRS 28.440, for making transcripts in pauper cases.

2. Upon the finding by the Governor that an emergency exists, in that the criminal court cannot function without a reporter, the Governor has authority to pay compensation out of his Emergency Fund, either to a special reporter or as additional compensation to the regular reporter, for making transcripts in pauper cases.

3. The Fiscal Court of Jefferson County has no authority to pay a special reporter for making transcripts in pauper cases.

4. A special reporter cannot receive a different or greater rate of compensation than fixed for the regular reporter under KRS 28.440.

5. The Fiscal Court of Jefferson County has no authority to pay extra compensation or expenses to the regular reporter for

temporary periods of extraordinary services or expenses.

Judge Curtis appeals from the judgment except as to Declaration No. 2. The Commissioner of Finance cross-appeals as to Declaration No. 2 only.

We approach the case by a consideration of the provisions of subsection (1) of KRS 28.440, governing compensation of the regular reporters for the criminal branch divisions of the circuit court in Jefferson County. This statute provides that the reporters shall be paid salaries out of the county treasury, to be fixed by the judge subject to approval of the fiscal court, and they "shall receive no other compensation from the county or state for their services as reporters in said divisions." The statute further provides that in pauper cases "the court may direct the reporter to make a transcript for the defendant, and the fee may be recovered at any future time from the defendant." Also, there is a provision that the reporter shall furnish transcripts for the state or county without fee.

It is clear that the statute contemplates that the reporter's *salary* shall constitute compensation for his services (1) in attending trials and taking notes, (2) in making transcripts for the state or county, and (3) in making transcripts for the defendant in pauper cases. It was so held in Jefferson County v. Cole, 204 Ky. 27, 263 S.W. 1114. And the statute says positively that neither the county *nor the state* shall pay him any compensation other than his salary.

In view of the express provisions of the statute, there is no conceivable basis upon which either the county, or the Governor from his Emergency Fund, could pay additional compensation to the regular reporter for extraordinary services. Certainly, when the statute says the "state" shall not pay any other compensation, it includes the Governor to the extent he has power to spend state money.

As concerns the question of compensating a special reporter, we think it is

obvious that to permit a special reporter to be paid for performing services for which the statute expressly says the regular reporter shall not be paid would be to sanction a deliberate evasion of the statute. The special reporter must be considered as standing in the shoes of the regular reporter, as concerns compensation.

In Walker v. Burgevin, 220 Ky. 690, 295 S.W. 997, it was expressly held that a temporary reporter, serving in the absence of the regular reporter of the criminal branch in Jefferson County, must make a transcript without compensation for a person appealing in forma pauperis.

It seems to us that the problem with which the criminal branch of the Jefferson circuit court is faced arises solely from the failure of the circuit judges and the fiscal court to fix an adequate salary for the regular reporters. Since the statute contemplates that the ultimate burden of furnishing transcripts to pauper appellants shall be borne by the county in the form of salary payments, the obligation of the county is to fix the annual salary of the reporter at a sum sufficient to include compensation for the work involved in making such number of pauper transcripts as reasonably may be anticipated for the period of service for which the salary is fixed. When there is reason to anticipate that the number of pauper transcripts will increase during a future period, the salary may be adjusted accordingly.

Since the 1954 amendment to KRS 28.410, Acts 1954, c. 68, which makes reporters removable at pleasure, there is no inhibition against increasing the compensation of a reporter during his period of service. Jefferson County v. Cole, 204 Ky. 27, 263 S.W. 1114. The 1954 amendment eliminated the basis for the contrary holding in Love v. Duncan, Ky., 256 S.W.2d 498.

On the appeal of Judge Curtis the judgment is affirmed. On the appeal of the Commissioner of Finance the judgment is reversed, with directions to enter judgment answering Question No. 2 in the negative.